Filed Nov. 10, 1893.

————————◆————————

No. 16,379.

## GREEN *v.* SINKER, DAVIS & COMPANY.

CONTRACT.—*Conditional Sale.— Title.— Purchase-Money.— Hire.— Replevin.—Promissory Note.—Chattel Mortgage.—Collateral Security.—* G. ordered certain machinery from S., D. & Co., and executed therefor, as representing the consideration, in addition to $100 paid thereon, three promissory notes, maturing at different dates, for $200 each, it being provided in the order for the machinery that in default of the payment of any of such notes, S., D. & Co. could take possession of and remove said machinery, without legal proceeding, and, in such event, all payments made on such machinery should be deemed applied by S., D. & Co. as the hire of the machinery; and it was further provided in the order that G. was to acquire no

title whatever to the machinery until he should pay the three notes. The three notes having matured, and only forty dollars having been paid thereon, S., D. & Co. were pressing for payment; and, to obtain an extension of time in which to make such payments, it was agreed between S., D. & Co. and G., that G. should execute a note of $200, secured by chattel mortgage, to be held as additional. security for the three notes previously executed, and that if such note should be paid, it would be a credit upon the debt, and that as consideration for such additional security, S., D. & Co. would extend the time of payment of the three notes. The time of such extension having expired, and no further payments having been made, S., D. & Co. took the machinery by replevin, and sought to collect the note and mortgage given as collateral security, having surrendered the three notes representing the purchase price of the machinery.

*Held,* that as the note and mortgage were given as collateral security for the purchase-money represented by the three notes, S., D. & Co. could not disaffirm the sale and retake the machinery, and also enforce collection of unpaid purchase-money.

*Held,* also, that the new contract, relating to extension of time and collateral security, did not give to the vendors any new rights, nor did it furnish a basis for a claim for hire beyond the amount paid as a part of the purchase-money, as provided in the order; the disaffirmance of the sale having operated as a discharge of the original debt, and, also, of its collateral security.

From the Marion Superior Court.

*N. Morris, L. Newberger, J. B. Curtis, W. Fertig* and *H. J. Alexander,* for appellant.

*L. M. Harvey,* for appellee.

HACKNEY, J.—The only question presented by the argument of counsel in this case arises upon the special finding of facts by the trial court.

From that finding, we learn that in May, 1884, the appellant ordered from the appellees certain machinery, which was to be taken by the appellant, but to which he was to acquire no title whatever until he should pay the three notes, for two hundred dollars each, executed by him concurrently with the execution of said order, said notes being payable September 19, 1884; January 19, 1885, and May 19, 1885, respectively. By said order,

it was further provided that in default of the payment of any one or more of such notes, said Sinker, Davis & Co. could take possession of and remove said machinery, without legal proceedings, and that the one hundred dollars cash, paid at the time of the execution of the order, together with any sums thereafter paid on said three notes, less than the full amount thereof, should be deemed and applied, by Sinker, Davis & Co., as the hire of the machinery.

On the note first maturing, the appellant paid forty dollars, and no further sums were ever paid. On the 23d day of May, 1885, Sinker, Davis & Co. were pressing for payment, and Green was seeking an extension of time, which could not be obtained unless he would give additional security, for the reason, as then stated, that the machinery had ceased to be sufficient security for the notes. It was thereupon agreed that the appellees would give three months additional time, and that Green would execute to Sinker, Davis & Co. a note for two hundred dollars, with interest, and secure the same by chattel mortgage of certain horses, wagon, and harness, said note "to be held simply as additional security for the three notes" so previously executed, and if said note should be paid, it would be a credit upon the debt, but, if not paid, the same, with said mortgage, might be enforced. In pursuance of such agreement, the note and mortgage were executed, and Green continued in possession of the machinery until December 25, 1885, when Sinker, Davis & Co. took the same in replevin, under the condition in said order, and surrendered to Green said three notes representing the agreed purchase price of said machinery. Prior to such surrender, however, the appellees had instituted this suit upon said note and chattel mortgage of May 23, 1885.

The conclusions of law were in favor of the appellees,

and one of such conclusions was that the note in suit was not rescinded or discharged by the retaking of said machinery.

The effect of 'the findings, as insisted by the appellant, is that the note and mortgage in suit were not upon a consideration independent of the original debt, but were executed as a security for, and collateral to, the original debt, though their execution was induced by the promise of forbearance upon the original debt, and that the retaking of the machinery by the appellees, under the condition broken, was a discharge of the original debt, and *ipso facto*, a discharge of the obligations sued on. On behalf of the appellees, it is contended that the note and mortgage were upon considerations entirely independent of the original debt, namely, the forbearance of three months upon the original debt and to supply the deficiency in security for the original debt, which had arisen by the depreciation of the machinery from its use by the appellant.

The findings involve questions of the rental values of the machinery and of breaches of implied warranty as to the quality and fitness of the machinery, but these are not presented in the argument as controlling questions before this court.

If the contention of the appellee finds support in the record, the conclusion of law upon the findings of the lower court is upheld by the case of *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264, involving the note and mortgage now in question before us. In that case, this court construed the special findings of the Hamilton Circuit Court as disclosing the fact that the note in suit was executed "in consideration of the appellants' (now appellees) promise to extend the time of payment" of the original debt, which consideration, it was held, was valuable. However, it was said, "the finding is meager, defective

and unsatisfactory, and an inspection of the record convinces us that to pronounce judgment upon it would defeat justice,'' and a new trial was ordered.

Since the case was certified back to the Hamilton Circuit Court, the venue has been changed to the Marion Superior Court, and an additional answer has been filed, alleging that the only consideration for the note in suit was as additional security for the original notes, which notes had been surrendered and the original debt cancelled, by the adoption and enforcement of the condition in the agreement of sale.

We now have a different finding for consideration, based upon additional issues, and it remains for us to construe this finding and apply the principles of law applicable to it.

If the note and mortgage in suit were to ''be held simply as additional security for the three notes before executed,'' the conclusion is irresistible that neither the forbearance, the hire of the machinery, nor the depreciation in value of the machinery formed any part of the consideration for said note. The measure of the vendor's rights, under the contract, as stated in the order, was to enforce the payment of the three notes or retake the machinery and apply any sum paid by the vendee as hire for the machinery.

We need not consider whether they could treat the conditional sale as a mortgage, under which they could proceed to collect the agreed purchase price.

It is sufficient that we find they did not do so. They exercised the option to retake the machinery and surrender the notes given to represent the consideration for the sale. By doing so, and by applying the one hundred and forty dollars received to the hire, they did that which filled the measure of their rights under the contract.

As intimated in *Sinker, Davis & Co.* v. *Green, supra,* they could not retake the machinery and enforce collection of the unpaid purchase-money.

Did the new contract, the note and mortgage, give to the vendors any new rights, and if it did, what were they? It did not furnish the basis for a claim for hire beyond the one hundred and forty dollars, nor did it represent the depreciation in value of the machinery, for, by the facts found, these were not of the consideration for the note. While not strictly collateral security, they were so far in the nature of collateral security that they did not partake of the consideration supporting the original debt, but they gave, to the extent of two hundred dollars, a lien on the team, to "be held simply as additional security for the three notes."

The disaffirmance of the sale by the vendors could not enlarge the character of this note and mortgage, whatever may be said of the effect of an affirmance of the sale. No reason has occurred to us, and none has been suggested, why the vendors could justly disaffirm the sale and claim to enforce the collection of the purchase-money, and we are at a loss to see why the note and mortgage should not be treated as a mere collateral security, which, upon the discharge of the original debt, either by its payment or the disaffirmance of the sale, would discharge such collateral security. Such is the rule with relation to ordinary collateral securities, and the ends of justice would seem to support that rule in its application here. See Colebrooke on Collateral Securities, section 129, and the numerous cases there cited.

Under the contract, the vendors had a choice of remedies, and if they have chosen unwisely we can not relieve them. We think, therefore, that the superior court, in general term, erred in affirming the judgment of the superior court in special term, and the judgment is re-

versed, with instructions to the court below to direct a restatement of its conclusions of law, and that such conclusions of law be restated in accordance with the conclusion herein.

Filed Nov. 24, 1893.