COLUMBUS BUGGY COMPANY, Respondent, v. P. F. HORD, Assignee of G. L. FERRIS, Appellant.

St. Louis Court of Appeals, January 21, 1896.

1. **Conditional Sales:** VALIDITY INTER PARTES: PAYMENT BY NEGOTIABLE PAPER. When a vendee has given his negotiable acceptances for the purchase price of property which has been sold to him conditionally, that is, subject to the reservation of the title by the vendor until payment of the purchase price in cash, and these acceptances are all past due and unpaid and held by the vendor, the latter may retake the property from the voluntary assignee of the vendee.

2. ———: ———: ———. If, in such case, part of the property is sought to be recovered by the vendor, it is not necessary that he should first indorse the value thereof as a credit on the matured acceptances. Whether such indorsement would be required by the equity of our statute concerning conditional sales, if the negotiable acceptances had not matured, is not determined.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*F. R. Jesse* and *W. W. Fry* for appellant.

*George Robertson* for respondent.

ROMBAUER, P. J.—The plaintiff sold to the defendant's assignor, in November, 1893, goods of the invoice value of $3,442.50. The goods were sold under a written contract which provided that they and all their proceeds in cash, notes, or book account, were held by the

vendee in trust for the plaintiff, and that the title to and ownership in them should remain in the plaintiff until they were fully paid for in cash. No part of the goods were paid for in cash, but the vendee gave to the plaintiff three negotiable acceptances evidencing the aggregate amount of the sale, which acceptances remained wholly unpaid at the date of the institution of this suit. On the fourth of August, 1894, the vendee executed a statutory deed of assignment for the benefit of his creditors to the defendant, and the defendant took possession thereunder of all the goods bought as above and remaining undisposed of by the vendee, being less than one half of the goods sold, and also of a promissory note of $75 which had been given to the vendee upon resale of part of the goods. The plaintiff demanded of the defendant the surrender of said goods and note, and, upon his refusal to comply with the demand, it instituted, on the twenty-ninth of August, 1894, the present replevin suit against him, and took the goods undisposed of and the $75 note from the defendant's possession.

The cause was tried by the court sitting as a jury. The plaintiff gave evidence of the facts above stated, and also evidence tending to show that the notes given for the goods were still in its possession and were all overdue at the date of the institution of this suit. These notes contained no credit for the value of the goods retaken by the plaintiff. The defendant gave evidence tending to show that the plaintiff had agreed to renew and extend for the period of four months one of the acceptances given by his assignor in settlement, but it did not appear that such renewal was ever consummated. He also gave some evidence tending to show that some of the acceptances had been previously discounted by the plaintiff. No instructions were asked or given, at least none are found in the transcript of

the record. The court found a verdict and rendered judgment for plaintiff for possession and costs. The defendant appeals and assigns for error that this judgment is erroneous under the uncontroverted facts.

The statute of this state provides that, whenever personal property shall be sold to any person, on condition that the title thereof shall remain in the vendor until it is fully paid for, and said property is *paid for* in part, it shall be unlawful for the vendor to take possession of the same without tendering or refunding *to the purchaser or any party receiving the same the sum or sums of money so paid* after deducting therefrom a reasonable compensation for the use of said property. Revised Statutes, 1889, sections 5180, 5181. (The italics are ours). The defendant invokes these provisions of the statute as being, under the pleadings and evidence, necessarily fatal to the plaintiff's recovery in the present action.

The difficulty of upholding the defendant's contention is twofold. First, the contract relied on by the plaintiff expressly provides that the title to all the goods sold should remain in the plaintiff, until they were paid for *in cash*. The statute above quoted makes it unlawful for the vendor to retake his goods without a previous return of the *money received*. All the evidence concedes that the vendor received no money on account of the goods. Next assuming, without deciding, that a case comes within the equity of the statute, where payment is made in negotiable paper of the vendee, and that in such a case the vendor should enter a credit upon the paper, corresponding to the value of the goods retaken, as a condition precedent to the lawful retaking of the goods, yet this equity is available to the vendee only when by the omission of such entry he is in danger of suffering substantial injury. Such is not the case at bar. It distinctly appears that all

the acceptances given were overdue at the date of the institution of the suit. The vendor could not thereafter pass title to these acceptances to any indorsee, except subject to the vendee's equities, that these acceptances had been paid to the extent of the value of the goods retaken, because, if a case of this kind is within the equity of the statute, the retaking of the goods is in contemplation of law equivalent to a payment of the acceptances *pro tanto*. As there was substantial evidence tending to show that the vendor had never parted with these acceptances, and as we must presume in support of the judgment that the court so found, we would not be warranted in reversing the judgment, should we conclude that the case is one within the equity of the statute. If the defendant relied upon his evidence tending to show a previous transfer of these acceptances by the plaintiff, he should have saved the point by asking appropriate declarations of law. As above seen, no such declarations were asked or given.

We may add in conclusion that, under the view which we take of the law and facts of this case, the acceptances given by the vendee are provable against his assignee only to their face value, less the value of the goods retaken in the present action. All the judges concurring, the judgment is affirmed.