## CONWELL *v.* JEGER ET AL.

[No. 2,526.    Filed November 2, 1898.]

APPEAL AND ERROR.—*Finding of Trial Court May be Sustained Without Direct Evidence.*—In civil actions the proof of circumstances from which a given inference may be drawn is sufficient to sustain the finding of the trial court.   *p. 112.*

PLEADING.—*Conversion of Mortgaged Chattels.—Complaint.—Proof. —Variance.*—Where a complaint by a mortgagee for the conversion of mortgaged property alleges that plaintiff is the owner and entitled to the immediate possession of the property, proof of a breach of a provision in the mortgage that if the mortgagor sold the property without the consent of the mortgagee the latter should be entitled to the unconditional possession thereof, is not a variance. *pp. 112, 113.*

CONVERSION.— *Action Against Purchaser of Mortgaged Chattels.*— Where a chattel mortgage provided that, if the mortgagor sold the mortgaged property without the consent of the mortgagee, the mortgagee should have the right to immediate possession of the property, it was not necessary in an action for conversion against the purchaser of the property to show that the mortgagor was insolvent.   *p. 131.*

LANDLORD AND TENANT.—*Contract of Tenancy Made by One of Several Tenants in Common.*—Where, after the death of a landlord, a contract is made by one of the heirs to continue a tenant upon the land, such contract will be binding upon the remaining heirs who make no objection thereto, but stand by and see the crop put out and reaped by the person thus continued.   *pp. 113, 114.*

SAME.—*Tenancy Not Destroyed by Transfer of Leased Land to Tenant's Wife.*—Where one held land as tenant of certain heirs to whom he was to pay a stipulated rent, the fact that such tenant's wife became the owner of the land before the expiration of the lease did not destroy the tenancy.   *p. 114.*

VERDICT.—*Remittitur.—Erroneous Instruction as to Measure of Dam-*

*ages Cured.*—An erroneous instruction as to the measure of damages is cured by the filing of a remittitur and the rendering of judgment for the correct amount. *p. 114.*

From the Howard Superior Court. *Affirmed.*

*J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellant.

*J. C. Herron* and *F. N. Stratton,* for appellees.

ROBINSON, J.—Appellees Jeger and Ashley, brought suit against appellant and one Foy, alleging in their complaint that in July, 1896, they were partners, and were the owners and entitled to the immediate possession of certain wheat of the value of $100; and that on said date the defendants, being in possession of said property, unlawfully converted and disposed of the same for their own use and benefit, all without the knowledge or consent of plaintiffs. A trial resulted in a judgment in appellees' favor. The only questions discussed by appellant's counsel are that the verdict of the jury is not sustained by sufficient evidence, and that the damages assessed by the jury are excessive.

Appellees claimed ownership and the right to possession of the property by virtue of a chattel mortgage executed to them by Michael Foy. The mortgage was duly recorded. Appellant had purchased the property from Foy. The note given by Foy and which was secured by the mortgage became due September 1, 1896. This action was brought August 17, 1896. The mortgage provided that if the note was not paid when due the property should become the absolute property of appellees, and they should have the right to immediate possession. It is evident appellees did not become the owners of the property and entitled to its possession by reason of non-payment of the note.

Among the provisions in the mortgage was one that, if the mortgagor sold the property without the

consent of the appellees, they should have the right
to take immediate and unconditional possession of
the. same, and sell it at public or private sale.  It is
argued that there is no evidence showing that the
wheat was sold without the consent of appellees.  It
is alleged that appellant was in possession of the
property and had unlawfully converted and disposed
of the same.  Appellees are relying upon the mortgage,
and if appellant obtained possession with the consent
of Jeger & Ashley or either of them he committed no
wrong in selling the property.  The burden was upon
the appellees to show that the purchase by appellant
was without the consent of Jeger & Ashley.  There
is direct evidence that one of the partners did not con-
sent to the sale of the wheat to appellant,. but no di-
rect evidence that consent was not given by the other.
However, it is a familiar rule in civil actions that
proof of circumstances warranting a given inference
is sufficient, and where the question is a close one,
and there is evidence as there is in this case from
which such an inference can be drawn, the rule re-
quires us to sustain the conclusion reached by the
trial court.  The only fair inference from the facts
and circumstances established is that appellees did
not consent to the sale.  *Louisville, etc., R. Co.* v.
*Balch,* 122 Ind. 583; *Shugart* v. *Miles,* 125 Ind. 445;
*Indianapolis, etc., R. Co.* v. *Collingwood,* 71 Ind. 476;
*Heaton* v. *Shanklin,* 115 Ind. 595; *Louisville, etc., R.
Co.* v. *Thompson,* 107 Ind. 442.

It is argued that the evidence is not in keeping
with the theory of the complaint; that the complaint
alleges ownership, and the evidence shows only a lien.

It is true, the complaint alleges ownership, but it
also alleges that appellees are entitled to the immedi-
ate possession of the wheat.  And as we have already
stated the mortgage provides that in case of sale of

Conwell *v.* Jeger.

the wheat by the mortgagor without appellees' consent, appellees have the right to immediate possession. Upon breach of this condition appellees had the right to immediate and unconditional possession and a right of action accrued in their favor. It is not material, so far as this case is concerned, whether we conclude that a mortgagee takes the legal title upon the execution of a mortgage of chattels, as held in *Lee* v. *Fox*, 113 Ind. 98, and cases cited; or that a mortgagee of personal property is a mere lien holder, as held in *Byram* v. *Stout*, 127 Ind. 195, and cases cited. The complaint alleges a right of possession and there is evidence that a condition of the mortgage was broken giving this right.

As the right to take possession of the property became absolute upon breach of the condition, it was not necessary to show that, at the time, the mortgagor was insolvent. Appellant can in no sense be said to occupy the position of a surety. The contract between the parties provided in what manner the possession of the property should pass to the mortgagees, and upon breach of the condition this right became absolute without reference to the solvency or insolvency of the mortgagor.

We cannot agree with counsel for appellant that the evidence fails to show that the mortgagor, Foy, was the owner of the wheat mortgaged. There was evidence to the effect that the mortgagor, Foy, was first the tenant of David Fickle, since deceased, and then the tenant of his children who held the land as tenants in common. The court instructed the jury, "So, if you find from the evidence in this case that after the death of Fickle, and in the fall of 1895, any one of the tenants in common of this land agreed or consented that the tenancy of Michael Foy upon the

land should continue, and that the heirs knew the fact, without objection stood by and saw him put out and tend and reap a crop, I charge you that he would have a tenant's interest therein." This instruction states the law correctly and is applicable to the evidence. There is evidence that when the wheat was sown Foy held the land as tenant of the heirs of David Fickle, deceased.

When Foy sowed the wheat he was to pay two-fifths of it as rent, when harvested, to the heirs of David Fickle, and the fact that Foy's wife, one of the heirs, afterwards became the owner of the land did not destroy his tenancy. Foy was a tenant before his wife became the owner of the land and his lease had not yet expired when she became such owner. So that the rules declared in those cases where a husband plants crops on his wife's lands are not applicable to the case at bar.

Conceding that the court's instruction as to the measure of damages was erroneous, it was not such error as warrants a reversal of the case. The measure of damages was the value of the wheat converted in an amount not to exceed the debt secured by the mortgage. The amount due on the note in principal and interest was less than the value of the wheat as shown by the evidence. A remittitur was filed and judgment rendered in an amount less than the amount due on the note in principal and interest. So that, in any view, the damages cannot be said to be in an amount too large. Judgment affirmed.