LACLEDE POWER COMPANY OF ST. LOUIS, Appellant, v. THE ASSIGNED ESTATE OF ENNIS STATIONERY COMPANY, Respondent.

### St. Louis Court of Appeals, March 7, 1899.

1. **Conditional Sale:** PERSONAL PROPERTY: RESCISSION. In the case at bar plaintiff had fully rescinded the contract when it agreed with defendant so to do, and subsequently for his convenience left the property in his possession and thereafter labeled it as their own: in the absence of any such stipulation in the contract, the law governing conditional sales does not permit the vendor to retake the property, thus rescinding the sale, and then sue for the unpaid purchase money, thus enforcing the contract of sale.

2. **Statutory Construction:** REVISED STATUTES 1889, SECTION 5181. So far from helping the vendor in conditional sales to recover what has not been paid, this act compels him to refund substantially all which was paid: but the respondent, in the case at bar, having failed to demand a return of the statutory allowance of the portion of the purchase money paid by his assignor before consenting to the rescission of the contract is held to be without redress on this appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

O'NEILL RYAN for appellant.

This was a contract of conditional sale and the vendor (the power company), as to the vendee, or its general assignee, had the option on default of retaking the motors into its possession or bringing suit for the contract price. Beach on Contracts, sec. 138; Mfg. Co. v. Culp, 85 Mo. 548; Farmer v. Moore, 73 Mo. App. 527; Columbus Buggy Co. v. Hord, 65 Mo. App. 41; In re Wilcox & Howe Co., 39 Atl. Rep. 163; National Cash Register v. Woodbury, Ibid. 168. The company's intention to rescind not having been carried into effect it had a right to change that intention and sue to recover the balance of the purchase price. Goodger v. Finn, 10 Mo. App. 226; Patrick v. Railroad, 93 N. C. 432; Robinson v. Pogue, 86 Ala. 275. Even though the tagging of the motors amounted to a rescission the company is still entitled to the difference between the amount due and the then value of the motors. Columbus Buggy Co. v. Hord, 65 Mo. App. 41-44.

RASSIEUR & RASSIEUR for respondent.

Where, on the sale and delivery of personal property on credit, the title is to remain in the vendor until payment, the vendor, upon default, may either retake the property, or may treat the sale as absolute and bring an action for the price. But the assertion of either right is an abandonment of the other. 6 Am. and Eng. Ency. of Law [2 Ed.], p. 480; Minneapolis Harvester Works v. Halley, 27 Minn. 495; Aultman v. Olson, 43 Minn. 409; Holt Mfg. Co. v. Ewing, 109 Cal. 353; Parke v. Lumber Co., 101 Cal. 37. Taking constructive possession of the motors, as was done in this case, was as

effective an election as if the motors had been entirely removed.

BOND, J.—Plaintiff and the assignor of the defendant entered into the following contract:

(In Duplicate.)                "St. Louis, March 23, 1896.

"It is hereby agreed by the Ennis Stationery Company to purchase from the Laclede Power Company of St. Louis the following motors:    (Here follows a description of motors).

"The amount to be paid for these motors to be sixteen hundred dollars ($1,600) payable as follows: Three hundred dollars ($300) to be paid April 1st by note due July 1st, 1896, one hundred dollars ($100) payable October 1st, 1896, and notes for twelve hundred dollars ($1,200), one hundred dollars ($100) each, payable the first of each month thereafter, until the above sum of $1,600 is fully paid.

"And it is further agreed that the above motors shall be and remain the property of the Laclede Power Company until the said sum of $1,600 shall be fully and finally paid, and in case of default in payments as above agreed, or in the payment of any of the above notes, the Ennis Stationery Company agrees that the agents of the Laclede Power Company may enter their premises and take possession of and recover said motors and appliances without being guilty of any trespass or tort, and without thereby rendering themselves liable to refund any sum received by them as instalments on the payment of said motors.

"It is further agreed that if on October 1st, 1896, the Ennis Stationery Company find that the motors do not operate satisfactorily, they are to have the option of canceling all payments due thereafter under this contract, the Laclede Power Company to take back the motors.    It is also agreed that the above price includes the setting up and connecting of the 7 1-2

Laclede Power Co. v. Est. Ennis Stationery Co.

H. P. motor belonging to the Ennis Stationery Company and now at 118 Olive Street.

        "The Laclede Power Company of St. Louis,

"Agreed to 3-26-96.              E. V. Matlack, Sec'y.

             "Ennis Stationery Company,

                 "Geo. T. Dunn, Sec'y."

The above contract was executed by the parties by the delivery of the property and the making of the notes therein specified. The first three of these notes, aggregating $500, were paid to plaintiff, the remaining notes have not been paid. On the fifteenth of January, 1897, plaintiff caused the aforesaid contract to be duly recorded in the recorder's office of this city. On the eighteenth of January, 1897, the Ennis Stationery Company made an assignment of its assets to defendant for the benefit of its creditors, thereupon the representatives of the plaintiff called upon the defendant to ascertain if he intended to pay the balance of $1,100 due for the motors described in the aforesaid contract. Defendant replied that he did not intend to do so. Plaintiff's agent then stated that under the contract the motors belonged to plaintiff in default of payment of their purchase price. Defendant assented to this and stated that he would give them up; that plaintiff could have them at any time. He, however, asked that they be left where they were for about two days until he could finish some work which he was required to do as assignee. This was agreed to and he was told to write to the plaintiff company a request to furnish power to him as assignee, which was done. At the conclusion of the work on hand defendant notified plaintiff, and also stated to it that certain persons were speaking of buying the plant in bulk, wherefore he thought that it might be well for plaintiff to leave the motors until he could make a sale of the assigned estate, and if the purchaser thereof wanted them plaintiff might thus be enabled to realize their value. Defendant did

VOL. 79 app—20

not ask for any bids on the motors, nor include them in his advertisement of the plant and assets of the assigned estate. About ten days before the sale plaintiff's agents came down and placed tags on each of said motors with the following inscription "the property of the Laclede Power Company of St. Louis." After the sale took place plaintiff was informed by defendant that the sale of the assets would enable him to pay the creditors of his assignor in full. Plaintiff again spoke of moving the motors and defendant desired that his attorney should be seen before this was done. Defendant placed the matter before his attorney, and the latter addressed a note and also telephoned to plaintiff to the effect that it was entitled under the above contract to rescind the same and remove the motors. Plaintiff, however, took no further steps toward removing the motors, but exhibited the unpaid notes executed to it by defendant's assignor for allowance as a demand against the assigned estate. This was refused by the assignee and plaintiff appealed to the circuit court, where the matter was submitted to the judge sitting as a jury and a judgment disallowing the notes was rendered, from which this appeal is taken.

There was no error in the refusal by the court of any of the declarations of law requested by plaintiff except the one declaring the foregoing contract was a conditional sale. All the other declarations involved assumptions of fact which the court, as trier of the fact, was privileged, under the evidence, to refuse; but the refusal of the instruction defining the character of the contract was a harmless error. The undisputed evidence is that plaintiff had fully rescinded the contract when it agreed with defendant so to do and subsequently for his convenience left the property in his possession and thereafter labeled it as their own. The fact that the subsequent removal of the property was forbidden until defendant could submit the rights of the parties to his attorney, in no way effected the legal status which had arisen from the prior agreement and the

Laclede Power Co. v. Est. Ennis Stationery Co.

actual possession taken thereunder by plaintiff when it placed the insignia of its ownership upon the property, and the attorney to whom the matter was referred expressed a correct view when he notified plaintiff to remove its property.

Neither can we sustain the contention that plaintiff may retake the property and also recover the unpaid portion of the purchase price, less the value of the property when retaken. First, the terms of the contract between the parties gave no such right to plaintiff. This will appear from inspection of the instrument. Secondly, in the absence of any such stipulation in the contract, the law governing conditional sales does not permit the vendor to retake the chattel, thus rescinding the sale, and then sue for the unpaid purchase money, thus enforcing the contract of sale. The law on this subject is the logical outcome of the particular agreement of the parties and the annulment thereof by a restoration of the thing which was agreed to be sold. When the subject-matter of the bargain is surrendered to the vendor, the consideration, as well as the contract itself, has failed and the vendee is no further liable thereon. What has been theretofore paid would, at common law, be forfeited to the seller; what has not been paid he could not recover from the buyer. Perkins v. Grobben, 39 L. R. A. 815; Leanor v. McLaughlin, 165 Pa. 150; Hine v. Roberts, 4 Conn. 267; Loomis v. Brag, 50 Conn. 228; Cole v. Hines, 81 Md. 476; White v. Oakes, 88 Me. 367; Green v. Sinker, Davis & Co., 135 Ind. 434; Altman & Co. v. Oleson, 43 Minn. 409; Rodgers v. Backman, 109 Cal. loc. cit. 557; Dowdell v. Furniture Co., 84 Ala. 316; Brown v. Haynes, 52 Me. 578; Bailey v. Harvey, 135 Mass. 172.

In recognition of the common law rules applicable to conditional sales the legislature of this state has enacted that the vendor in a conditional sale shall not retake the property "without tendering or refunding to the purchaser" the sum theretofore paid "less a reasonable compensation for the use of such property," not to exceed twenty-five per cent of what

was paid. R. S. 1889, sec. 5181. So far from helping the vendor in such contracts to recover what has not been paid, this act compels him to refund substantially all which was paid, evidently upon the idea that since the retaking RESCISSION. of the property is a rescission of the contract, it is only just that the party should be put substantially *in statu quo* as in cases of rescission of other contracts. All that was decided in Columbus Buggy Co. v. Hord, 65 Mo. App. 41, was that overdue negotiable notes given by the vendee in a conditional sale were not a payment of money in the statutory sense requiring the vendor to tender or refund a proportionate part of the money received before retaking his goods. All that was meant by the mere observation at the end of the opinion in that case was that a vendor who had replevied a moiety of his goods should, when exhibiting his demand for the price of the whole of the goods, give credit for those which he had recovered. It was not intended by that remark that the plaintiff would recover any part of the price of the particular goods which he had recovered in that action. It is apparent, therefore, that it furnishes no authority for the position of appellant in this case. Having rescinded its contract of conditional sale, as shown by the evidence in this case, appellant is in no position to recover any part of the unpaid price of the goods retaken by it. The respondent having failed to demand a return of the statutory allowance of the portion of the purchase money paid by his assignor before consenting to the rescission of the contract, is also without redress on this appeal. The conclusion is that the judgment in this case is affirmed. All concur.