## VAN DEN BOSCH v. BOUWMAN.

SALES—CONTRACT—CONSTRUCTION—RETAKING POSSESSION—BALANCE DUE:

> A note given for the price of chattels gave the seller right to take possession at any time before or after maturity, and to resell the property, or retain the same without sale, and in such case the amount paid on the note was to be deemed "compensation only for use and wear and tear." *Held*, not a conditional sale, but that the seller might retake and sell, and, if the price obtained did not equal the amount due, he might collect the balance from the maker of the note.

Error to Ottawa; Padgham, J. Submitted October 5, 1904. (Docket No. 15.) Decided December 30, 1904.

Assumpsit by Peter Van Den Bosch against Tom Bouwman on a promissory note. There was judgment for plaintiff and defendant brings error. Affirmed.

*Leonard Y. Devries* (*Diekema & Kollen*, of counsel), for appellant.

*Sooy & Heck*, for appellee.

MONTGOMERY, J. Defendant, on receiving of plaintiff possession of the property described therein, executed and delivered to plaintiff the following note:

"$160.00.
"NOORDELOOS, OTTAWA CO., MICH., May 27, 1901.
"After date I promise to pay to Peter Van Den Bosch, or bearer, One Hundred Sixty Dollars, payable at the residence of Peter Van Den Bosch, Noordeloos, Mich., for value received, by monthly payments of $10.00 per month or more; said first payment to be made June 10th, A. D. 1901.

"The express condition of the sale and purchase of a sorrel horse, harness, and top buggy, for which this note is given, is such that the title, ownership, or possession does not pass from the said payee until this note and interest is paid in full and that the said payee has full power to declare this note due and take possession of said above-described property at any time he may deem himself insecure, even before the maturity of the note, and upon taking possession, either before or after the maturity of the note, said payee may sell the same either at public or private sale, without notice; or said payee may retain the same without sale, and in such case the amounts paid on this note shall be deemed to be compensation only for the use, wear and tear of said property.

[Signed]                    "TOM BOUWMAN."

After certain payments had been made, plaintiff took possession of the property, sold the same for a sum less than the amount remaining due, sued for the balance, and recovered. From this judgment defendant brings error.

The contention is that this was a conditional sale, and that, on the plaintiff reclaiming the property, the consideration for the defendant's engagement to pay ceased, and that under the holding in *Perkins* v. *Grobben*, 116 Mich. 172, and *McBryan* v. *Elevator Co.*, 130 Mich. 111, the vendor is not entitled to recover the contract price. The question is, What does the contract fairly import? Courts have no right to refine definitions in a manner to override the expressed intent of the parties. This contract gave the seller two options: (1) He could retake the property and treat the amount paid as payment for its use and "wear and tear." (2) He was authorized to seize and sell the same at public or private sale. He chose the latter. The question is upon whose account that sale was made under the terms of this contract. The purpose of the sale provided for by the contract is plain. It is to satisfy, so far as the amount realized will do so, the amount remaining unpaid. Can it be said that the intention of the parties as expressed was that whatever remained due should be paid by the maker of this note? We think this question should be answered in the affirmative. There is an

138 MICH.—40.

express promise to pay, and it is not abrogated nor satisfied by authority given to sell and apply the proceeds of the sale in part payment. There is no reason why contracts of this nature should not be construed and enforced according to the plainly expressed purpose of the parties. *Dewes Brewery Co.* v. *Merritt*, 82 Mich. 198; *Choate* v. *Stevens*, 116 Mich. 28.

The judgment is affirmed.

The other Justices concurred.