## RANDALL v. CHANEY.

[No. 12,277. Filed March 19, 1926.]

1. SALES.—*Seller's remedies on conditional sale contract.*— Where personal property is sold on an agreement that the title thereto is to remain in the seller until the purchase price is fully paid, and there is default in making the payments, the seller may elect to retake the property as owner thereof, or he may treat the sale as absolute and sue for the purchase price, but he cannot do both.   p. 282.

2. GUARANTY.—*On seller's rescission of contract of conditional sale by taking back the property sold, seller cannot recover remainder of purchase price from guarantor.*—Where the seller of personal property on a conditional sale contract elected to rescind the sale and took possession of the property for default in making the agreed payments, the consideration for a guaranty of the payments failed, and the seller could not recover the remainder of the purchase price from the guarantor.   p. 283.

From Wells Circuit Court; *A. Walter Hamilton*, Judge.

Action by Alfred L. Randall against L. C. Chaney on a contract of guaranty. From a judgment for the defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Hogg & Leonard* and *Simmons, Dailey & Simmons*, for appellant.

*Bowers, Feightner & Bowers* and *Eichhorn, Gordon & Edris*, for appellee.

REMY, J.—On May 11, 1922, appellant sold to O. C. Chaney a motor truck. The sale contract provided that the purchaser should pay for the truck the sum of $2,450, payment to be made in thirteen monthly installments, the first twelve of which were to be $200 each, the thirteenth $50; first payment to be made June 11, 1922. Title was to remain in appellant who reserved the right, in the event of default in any payment, to take possession of the truck and "retain all payments less than the full amount, for the use and depreciation" of the truck while in the purchaser's possession. As a part of the transaction, L. C. Chaney, appellee herein, executed and delivered to appellant his contract by which he became guarantor for the payment by O. C. Chaney of the first three monthly installments of the purchase price. Under his contract of purchase, O. C. Chaney took possession of the truck, and continued in possession thereof until September 20, 1922, during which time he paid but ninety-five dollars of the purchase price. On September 20, 1922, appellant, because of the purchaser's default in making the payments, took possession of the truck, and thereafter treated the same as his own; and later appellant commenced this action against appellee to recover the sum of $600, that being the part of the purchase price which, under the contract of sale, represented the first three monthly installments thereof.

By a special finding, the court trying the cause found the above facts, and, by conclusions of law thereon, held the law to be with appellee, that there could be no recovery on the contract of guaranty, and judgment was so rendered.

It is contended by appellant that the contract of guaranty is separate and distinct from the sale contract; that it is equivalent to, and must be treated as, a promise on the part of appellee to pay the first three install-

ments of the purchase price of the truck, the same as if appellee had executed and delivered to appellant his unconditional promissory note for $600. We do not so understand the law. If appellant had executed and delivered his note, and the same had been accepted in lieu of a cash payment, a different question would be presented. See *Norman* v. *Meeker* (1916), 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D 462. But he did not give his promissory note or the equivalent of such note. He became the purchaser's guarantor for the first three monthly installments of the purchase price. He was to pay if the purchaser defaulted, and not otherwise. Appellee's contract was not an absolute promise to pay. The purchaser defaulted, and appellant some months later took possession of the truck, treated it as his own, and thereafter instituted this action on the guaranty.

It is a settled rule of law that if personal property is sold, title to remain in seller until purchase price is fully paid, and there is default on the part of the purchaser in making payment as agreed, the seller may elect to retake the property as owner thereof, or he may treat the sale as absolute, and sue for the price (*Smith* v. *Barber* [1899], 153 Ind. 322, 53 N. E. 1014, and cases cited) ; and if upon default of purchaser in making payment, the seller elects to take possession of the property as his own, he cannot thereafter recover the purchase price or any part thereof which remains unpaid; for by retaking the property and treating it as his own, the seller disaffirms the contract of sale and destroys the consideration for the purchase price. *Turk* v. *Carnahan* (1900), 25 Ind. App. 125, 57 N. E. 729, 81 Am. St. 85; *Greene* v. *Sinker, Davis & Co.* (1893), 135 Ind. 434, 35 N. E. 262; *Cooper* v. *Payne* (1906), 97 N. Y. Supp. 863, 111 App. Div. 785; *Laclede Power Co.* v. *Ennis Stationery Co.* (1899), 79 Mo. App. 302; *Davis* v. *Millings* (1904), 141 Ala.

378, 37 So. 737. As was said by the Missouri Court of Appeals in *Laclede Power Co.* v. *Ennis Stationery Co., supra:* "The law on this subject is the logical outcome of the particular agreement of the parties and the annulment thereof by the restoration of the thing which was agreed to be sold. When the subject-matter of the bargain is surrendered to the vendor, the consideration, as well as the contract itself, has failed and the vendee is no further liable thereon. What has been theretofore paid would, at common law, be forfeited to the seller; what has not been paid he could not recover from the buyer."

The only consideration for the guaranty contract sued on was the sale of the truck to the purchaser, and when the contract of sale was rescinded, the consideration for the guaranty failed. It follows that the court correctly held that appellant could not retake the truck, treat it as his own property, and recover on the guaranty.

Affirmed.