CRUTE ET AL. *v.* LAPORTE DISCOUNT CORPORATION.

[No. 13,507.   Filed August 1, 1929.]

*Ralph N. Smith, Ben C. Rees* and *Russell W. Smith,* for appellants.

*Isadore E. Levine* and *John B. Dilsworth,* for appellee.

REMY, J.—On October 18, 1926, appellant Crute purchased of Prince Motor Company a certain motor truck,

title to remain in vendor until consideration shall have been paid. The conditional sale contract was evidenced by two promissory notes, one for $250 due five months after date, the other for $682.50, payable in monthly installments of $45; each note was executed by Crute as principal, and payable to Prince Motor Company; the $250 note was also signed by appellant Norris as surety. The notes each contained a description of the truck and a provision that it was given "as a part of contract for the automobile," which was "to remain the property of Prince Motor Company until all notes given" shall have been paid in full; and "that on default of payment of said notes at maturity, or any of said payments, all of them shall become due," the rights of the vendee under the contract shall be forfeited, and that the vendor "may resume possession of said automobile without liability" to refund any money previously paid on account of the contract. After their execution and delivery, each of the notes was, for a valuable consideration, assigned by indorsement to appellee; and, later, appellant Crute having defaulted as to monthly payments, appellee repossessed the truck and commenced this action to enforce collection of the $250 note. In addition to separate answers in denial and payment, appellants in a third paragraph of answer pleaded the facts as to the conditional sale of the truck, and that, upon default on the part of appellant Crute in making the monthly payments, appellee took possession of the truck, and appropriated the same to his own use.

Trial resulted in a finding and judgment for appellee.

It is urged by appellants that, upon default of appellant Crute in making payments as agreed, appellee had its election of remedies; it could disaffirm the contract and repossess the property, or it could affirm the contract and sue for the balance due; but having disaffirmed and taken possession of the property, the consideration

for the note had been destroyed and its right to recover on the note lost, citing *Randall* v. *Chaney* (1926), 84 Ind. App. 280, 151 N. E. 105. On the other hand, appellee, conceding the general rule to be as stated, contends, and the trial court held, that the rule has no application, for the reason that on the trial there was evidence tending to prove that the note in suit was given as a cash or down payment.

That there is some evidence that the note was given to take the place of a cash payment, which it was the custom of the vendor 'in its business to require, is not controverted. The evidence also shows that when the sale was closed, the $250 note in suit, like the other note, contained a description of the property and the provision that title remain in the vendor, with right to repossess the property upon default of vendee in payments to be made. The note with these provisions forms the basis of the action. Appellee elected to repossess the property, which, under the terms of the note, he had the right to do; but, having so elected, he cannot now recover on the note. The provisions of the conditional sale were by the parties inserted in each note; they are now binding on the parties, and cannot be ignored by the court. There is no contention that the conditional provisions of the sale contract were inserted in the note by mistake, and no reformation is sought. The note in suit is a part of the original conditional agreement for the purchase of the truck.

The case of *Norman* v. *Meeker* (1916), 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D 462, cited by appellee, is not in point. In that case, the note sued on, and alleged to have been given in lieu of a cash payment for property purchased, was a plain promissory note, and was no part of the conditional-sale contract.

Reversed.