## La Salle Finance Company v. De Jarnett.

[No. 14,370. Filed May 17, 1932. Rehearing denied July 27, 1932. Transfer denied January 10, 1933.]

*Philip Lutz, Jr.,* and *Sanford K. Trippet,* for appellant.

*Hovey C. Kirk,* for appellee.

KIME, J.—Action by appellant against appellee in the Gibson Circuit Court to recover on a certain alleged conditional-sale contract and note in the sum of one hundred and seventy-five dollars and fifty-six cents ($175.56), which was given for the sale of an automobile purchased by the appellee, the title of said automobile remaining in the vendor until the purchase price was fully paid. As a part of the consideration or purchase price of said automobile, which was two hundred and sixty dollars and fifty-six cents ($260.56), appellee traded in another automobile upon which he was allowed eighty-five dollars ($85.00), and executed the above referred to conditional-sale contract and note for the balance. Appellee defaulted in the payment of said note, whereupon appellant repossessed the automobile in question and undertook to require appellee to pay the balance due under said note and contract.

Appellant sought to recover under and by virtue of clause 9 of the conditional-sale contract, which it refers to as the "Deficiency Clause." Said clause is as follows:

> "It is agreed that in the event of any default of any one of the payments on the note attached hereto, or in the event of any default of any of the terms of this contract, the Dealer, or its assigns, may take immediate possession of said property wherever the same may be found, without process of law, and sell the same, without notice to the purchaser or any one else, and apply the proceeds thereof, after deducting expenses of recovery and possession, to the payment of the note attached hereto, and to sue for and collect any balance which may then be owing upon the note."

Appellant's complaint was in one paragraph, to which appellee filed an answer in four paragraphs, the first

being a general denial; the second, alleging that the consideration had wholly failed since the execution thereof; third, that the note was wholly paid and satisfied before the filing of complaint by plaintiff; fourth, that defendant surrendered the possession to plaintiff, and since said time plaintiff had had continuous possession of said automobile, and that at the time plaintiff took possession of said automobile the defendant surrendered to the plaintiff all his right in and title to said automobile, believing that plaintiff took said property in lieu of demanding balance due on note. To this answer appellant filed a reply in general denial, thus closing the issues. Trial by court with finding and judgment for appellee.

Appellant filed its motion for a new trial, assigning that: (1) The decision of the court is not sustained by sufficient evidence; and (2) the decision of the court is contrary to law. This motion was overruled and hence this appeal. The error assigned here is that the court erred in overruling appellant's motion for a new trial.

It appears to us that the principal question involved herein is whether or not one can sell personal property, which he owns, and retain title to such property by a conditional-sale contract, retaining title until payment is made in full, and thereafter upon default in payment repossess the property and sell the same pursuant to a "Deficiency Clause" as above set forth, and then sue for and recover any balance remaining unpaid where the contract contains a clause providing for such a remedy and is signed by the parties.

It is appellee's earnest contention that appellant had, at its election, one of two remedies, viz.: to disaffirm the contract and retake the property, or treat the sale as complete and bring an action for the sale or pur-

chase price. This contention, as applied to conditional-sale contracts generally, is correct, and is unquestionably the law in cases where there is no stipulation giving the conditional vendor the right to retake the property, sell the same, and sue for the balance of the purchase price. It is so well settled that a citation of the numerous authorities in support of same would be useless. However, in the instant case we are confronted with a situation wherein a "deficiency clause" is incorporated into the contract and we are squarely presented with the question of whether or not such a provision is lawful and binding. We think such contracts, when free from any fraudulent intent, are valid and enforceable, and have been held so by a great majority of the cases considering the matter. 24 R. C. L., p. 493, Sec. 786; *Harkness* v. *Russell & Co.* (1886), 118 U. S. 663, 30 L. Ed. 285, 7 Sup. Ct. Rep. 51; *Continental Guaranty Corp.* v. *People's Bus Line* (1922), 1 W. Harr. 595 (Del.), 117 Atl. 275; *Van Den Bosch* v. *Bouwman* (1904), 138 Mich. 624, 110 Am. St. Rep. 336, 101 N. W. 832; *International Harvester Co.* v. *Bauer* (1917), 82 Ore. 686, 162 Pac. 856; Estrich, Instalment Sales, Sec. 341; *Pannell* v. *McGarity* (1921), 27 Ga. App. 71, 107 S. E. 352, 25 A. L. R. 1490. In the case of *International Harvester Co.* v. *Bauer, supra,* the court said that if the buyer sees fit to enter into a contract of this sort, it is the duty of the court, when called upon, to enforce it as it is written. "However, we may deplore the folly of the defendant in entering into such a contract, or the unbounded avarice of a plaintiff who would enforce it to such an extent we cannot see our way clear to relieve the defendant from the burden of his deliberately assumed obligation." The above language clearly expresses the views of this court regarding such contracts.

Appellee questions the sufficiency of the evidence to

have enabled the court to find the amount due the appellant, if any. We do not deem it necessary to enter into a discussion of this point, as any discrepancy will, in all probabilities, be corrected upon the retrial of this cause.

This cause is reversed with instructions that appellant's motion for a new trial be granted, and for further proceedings in accord with this opinion.