## INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* LOCKWOOD.

[No. 26,331.   Filed May 17, 1933.]

*Atkinson & Husselman* and *Chase Harding,* for appellant.

*H. W. Mountz,* for appellee.

ROLL, J.—This was an action in replevin brought by appellant against appellee to recover possession of a tractor and plows which appellee had bought from Johnson Brothers, who were the agents of appellant at Waterloo, Indiana, under and by virtue of a conditional sales contract, by the terms of which the title to said tractor and plows was to remain in said Johnson Brothers until the purchase price was paid in full.

Appellee paid on delivery of said property $591.00 in

cash, and executed two promissory notes, one for $442, due October 1, 1927, and the other for $462, due October 1, 1928, with interest at 7 per cent per annum from date.

Appellant claims the right of possession to the tractor and plows on account of appellee's default in the payment of said notes.

The notes were payable to the order of Johnson Brothers and had been assigned to appellant before the bringing of this action.

Appellee filed answer in general denial and a counterclaim which, in substance, alleges: that on or about April 1st, 1927, one Doyle was an agent of the appellant, employed by it to sell agricultural machinery and that James Johnson and Isaac Johnson of Waterloo, Indiana, were at said time engaged in business as partners under the firm name of Johnson Brothers, and were the local agents for appellant; that on or about said date the said Doyle and the said Johnson Brothers, for and on behalf of appellant, sold to appellee the tractor described in appellant's complaint and a threshing machine; that the sale of said tractor and plows and the threshing machine was made under one contract, but that said agent of appellant requested that separate contracts be entered into for the tractor and plows and the threshing machine. That thereupon a contract for the purchase of the tractor and plows and a contract for the purchase of the threshing machine was reduced to writing and duly executed by the appellee and delivered to and accepted by said Johnson Brothers for and on behalf of appellant; copies of said contracts were filed with and made a part of said counterclaim. That upon the execution of said contracts appellee paid to Johnson Brothers, as agents of appellant, the sum of $591 to apply upon the purchase price of said tractor and plows and said threshing ma-

chine; that thereafter the appellant delivered to appellee said tractor and plows, but it failed, neglected and refused to deliver the threshing machine.

That appellant has elected to and is claiming title to and possession of said tractor and threshing machine and has taken possession thereof in this action but that the appellant has not paid or tendered or offered to pay to appellee any part of said sum of $591, paid by him upon the purchase price of said threshing machine and tractor as aforesaid. Wherefore appellee prayed judgment against appellant for $650, and costs and all other proper relief.

There was a special finding of facts and conclusions of law stated thereon. The facts as found by the court are in substance as follows:

That on the 1st day of April, 1927, said Doyle and said Johnson Brothers solicited appellee to purchase the tractor described in appellant's complaint and on said date appellee agreed to purchase said tractor, which contract for the purchase of said tractor was on said date reduced to writing and is set out in full in the finding of facts. Said contract of purchase contained the following provision:

> "After delivery all goods shall be held and used at the purchaser's risk and expense, but title, with right of repossession for default, is reserved to the seller until the full purchase price has been paid in cash."

That the tractor was delivered to appellee and that appellee paid cash $591, and executed the two notes as above stated. Each of said notes contained a clause retaining title or ownership in the seller until said notes were paid, as follows:

> "This note (with 1 other) is given for M. C. D. —G. 15—30 tractor and plows, and I hereby agree that title thereto and to all repairs and extra parts furnished therefor, shall remain in the payee,

owner or holder of this note until this and all other notes given therefor shall have been paid in money, and if at any time he shall deem himself insecure, he may take possession of said property and hold the same until all of said notes and the expenses of such repossession shall have been paid, and if default is made in the payment of this or any of such notes, or if said property or any part thereof is levied upon or the undersigned attempts to sell or remove the same, then the owner or holder thereof may declare this and every other such note due, and may take or retain possession of said property and sell the same at public or private sale, with or without notice, pay all expenses incurred thereby, and apply the net proceeds on this and other notes given for the purchase price thereof. I further agree in consideration of the use of said property to pay any balance remaining unpaid on this or any other such note after the net proceeds on such sale are applied, and that if said property or any part thereof, shall be lost, damaged, or destroyed before full payment of the purchase price, I shall not on that account be entitled to a rescision of this contract or abatement in price."

That appellee held possession of said tractor until the bringing of this action and until appellant executed a replevin bond as provided by law and the sheriff of DeKalb County took possession thereof under the writ of replevin issued in said action and delivered the possession thereof to appellant, who has ever since held the same. That prior to the bringing of this action appellant made demand of appellee for the possession of said tractor. That neither appellant nor said Johnson Brothers has ever repaid or tendered or offered to repay appellee the said sum of five hundred ninety-one dollars paid by appellee upon the purchase price of said tractor.

Upon the facts above stated the court stated its conclusions of law, thus:

1. That the plaintiff is the owner and entitled to the possession of the tractor and plows described in the complaint.

2. That the defendant is entitled to and should recover from the plaintiff upon the defendant's counterclaim the sum of five hundred and ninety-one dollars.

3. That the plaintiff is entitled to and should recover from the defendant, its costs in this action.

Judgment was entered in accord with the conclusions of law.

The court overruled appellant's motion for a new trial, and, on appeal, assigns the following errors:

(1) The court erred in overruling appellant's demurrer to appellee's amended counterclaim; (2) the court erred in overruling appellant's motion for a new trial; and (3) the court erred in its second conclusion of law.

The only error relied upon by appellant in its motion for a new trial is, "The decision of the court is contrary to law."

The contention in this appeal is limited to the court's second conclusion of law. Appellant seriously contends that, under the contract, the court's second conclusion of law is erroneous, for the reason that, in the first place, the counterclaim of appellee has no place in the case; second, the appellee does not dispute its right to repossess the property, and by the express terms of the contract as found in the two notes above set out, appellee is responsible for any deficit there might be after the sale of the property and application of the same as therein provided.

On the other hand appellee says that appellant, by asserting its ownership and title and bringing an action to recover possession of the property as the owner thereof, elected the remedy of recovery of the goods and thereby surrendered its right to treat the sale as absolute and bring an action for the recovery of the purchase price. This position is

asserted on the theory that the provisions in the contract of sale executed on April 1st, 1927, to the effect that title, with right of repossession for default, is reserved in the seller until the full purchase price has been paid in cash, constitute the entire contract between the parties, and that the notes given in part payment. for the property and the provisions of said note have no place in determining the rights of the parties hereto. If we concede appellee's premise, that the only instrument involved in this case is the original order or agreement to purchase, executed on April 1, 1927, we could readily agree with appellee, that a suit in replevin for the repossession of the property, was an election of its remedy and it could not repossess the property and then sue for the balance of the purchase price, on the authority of *Green* v. *Sinker* (1893), 135 Ind. 434, 35 N. E. 262; *Smith* v. *Barber* (1899), 153 Ind. 322, 53 N. E. 1014, and other cases cited and relied upon by appellee. We could also agree with appellee on the authority of *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541, to the proposition that, in the absence of a stipulation in the contract to the effect that in case of default on appellee's part that prior payments should be forfeited, payments previously made, less all damages sustained by appellant, could be recovered. Such was the holding in the last above cited case. But as we understand the facts in the case at bar, the contract of purchase provided for the payment of the property in cash or by notes and the notes here involved were given pursuant to the original contract, and were what is known as "conditional sale notes," and when executed became the contract between the parties. Each note contained the provision which we have heretofore set out above. Under said provision in the note appellant retained title to the property in question and the right to repossess

the same upon default of appellee in the payment of said notes or either of them. The provision in the note does not stop there. It goes farther and provides the rights of the parties after the property has been repossessed. Under its terms appellant may sell the same and apply the proceeds, first to the payment of the expenses of the sale and the residue to be credited on the note, and if there is still a balance unpaid appellant may sue to recover such balance. The obligation on the part of appellee to pay appellant any balance due on the notes is expressed in the notes in the following language:

"I further agree in consideration of the use of said property to pay any balance remaining unpaid on this or any other such note after the net proceeds on such sale are applied . . ."

This is what is known as a "deficiency clause" in the contract, and under such a provision appellee would be liable. *LaSalle Finance Co.* v. *DeJarnett* (1933), 95 Ind. App. 468, 181 N. E. 164. The provision in the note here in question is in effect identical with the deficiency clause contained in the contract in the case last above cited, wherein it was held that such a provision was legal and binding. By virtue of the above provision in the notes there is a liability on the part of the appellee to pay any deficiency after the sale of the property and the application of the proceeds as provided for therein; therefore, appellee is not entitled to recover the payments previously made on the purchase price as alleged in his counterclaim. 24 R. C. L. 493, §786; *International Harvester Co.* v. *Bauer* (1917), 82 Ore. 686, 162 Pac. 856; Estrich, Instalment Sales §341; *First Nat. Bank* v. *Yocom* (1920), 96 Ore. 438, 189 Pac. 220.

In the event the property sells for more than enough to satisfy the notes, appellee would be entitled to such

excess. But it cannot be determined until the property is sold the amount of such excess, or deficiency. Should appellant refuse to sell the property and make application of the proceeds of such sale as provided for therein, appellee has his full and complete remedy if he feels himself aggrieved.

There is no contention made on behalf of appellee that appellant under the conditional sales contract herein, is not entitled to judgment of repossession, neither does he contend that the tractor and plows are worth more than the amount due on the notes, nor does he plead his counterclaim in bar to appellant's right to repossess the property.

We think the trial court erred in its second conclusion of law.

Judgment reversed with instruction to the lower court to strike out its second conclusion of law and modify its judgment accordingly. So ordered.