IGLEHEART BROTHERS, INC. *v.* JOHN DEERE PLOW COMPANY.

[No. 17,106.   Filed December 2, 1943.]

*Joseph H. Iglehart,* of Evansville, and *Kimmell & Kimmell,* of Vincennes, for appellant.

*Sanford Trippet,* of Princeton, and *Norman F. Arterburn,* of Vincennes, for appellees.

DRAPER, J.—This action, brought by appellee against appellant, grows out of the alleged conversion by appellant of a crop of soy beans. From a money judgment

against it the appellant appeals and assigns as error the overruling of its motion for new trial wherein it questions the sufficiency of the evidence to sustain the decision of the trial court.

It appears that one William Neer, being indebted to appellee on account of nine notes secured by three conditional sale contracts, theretofore given in connection with the sale and purchase of certain farming machinery, executed to the appellee his certain chattel mortgage covering a crop of growing soy beans as additional security for the payment of the notes. After the execution of the mortgage, which was timely filed with the recorder, the crop was harvested and the appellant, having no actual notice of the existence of the mortgage, purchased the beans from Neer and paid for them, and the appellee received no part of the proceeds of the sale. About the time of the sale of the beans Neer died and soon thereafter the appellee, without surrendering or being required to surrender the notes, repossessed the machinery without litigation and returned it to the State of Illinois, where it sold some of it, and retains some unsold.

The appellant raises several questions, including that of the sufficiency of the description of the mortgaged property and the debt secured, but in our view of the case it will be necessary to consider only one of them.

The conditional sale contracts themselves indicate that they are Illinois contracts and they were apparently executed there. They expressly provide that if default is made in the payment of any money due under them, the seller may take possession of the property and resell it in accordance with the laws of that state, and it appears to us that it was the intention of the parties that the contracts should be governed by the laws of that state. The place in-

tended bearing as it does a reasonable relationship to the transaction, and it not appearing that the parties were actuated by fraud, this intention of the parties will be given effect. *Chalmers and Williams* v. *Surprise, Receiver* (1919), 70 Ind. App. 646, 123 N. E. 841.

The law of Illinois was neither pleaded nor proven, nor were any steps taken to require the court to take judicial notice of the law of that state in accordance with the provisions of § 2-4801, et seq., Burns' 1933, and it will therefore be presumed that the common law, as interpreted and applied in this State, prevails there. *Chalmers and Williams* v. *Surprise, Receiver, supra.* By that law the vendor of property under a contract whereby he retains the legal title, cannot, upon default, repossess the property and sell or appropriate it to his own use, and then recover the balance due under the contract; for having elected to disaffirm the contract and retake the property, he may not thereafter treat the sale as complete for the purpose of recovering the price, *Turk* v. *Carnahan et al.* (1900), 25 Ind. App. 125, 57 N. E. 729; *Randall* v. *Chaney* (1926), 84 Ind. App. 280, 151 N. E. 105; *Crute et al.* v. *LaPorte Discount Corporation* (1929), 89 Ind. App. 573, 167 N. E. 542, unless a so-called "deficiency clause" giving the conditional vendor the right so to do, is found in the contract itself. *LaSalle Finance Company* v. *DeJarnett* (1933), 95 Ind. App. 468, 181 N. E. 164; *International Harvester Company of America* v. *Lockwood* (1933), 205 Ind. 36, 185 N. E. 637. The contracts in the instant case contain no such clause and we are of the opinion that when appellee repossessed the machinery it elected that remedy, which had the effect of discharging the balance of the indebtedness. The chattel mortgage was given as additional security for the payment of the same

debt, and upon the discharge of the debt, either by payment or disaffirmance of the sale, it was itself discharged. *Green* v. *Sinker, Davis & Company* (1893), 135 Ind. 434, 35 N. E. 262.

The appellee claimed an interest in the beans only by virtue of the mortgage, and if the debt secured by the mortgage had been discharged, it had no interest in the beans and could recover nothing, for its recovery was limited to the amount represented by its interest in the beans at the time of their purchase by the appellant, not to exceed their value. *Conwell* v. *Jeger et al.* (1898), 21 Ind. App. 110, 51 N. E. 733; *McFadden et al.* v. *Hopkins et al.* (1882), 81 Ind. 459.

The appellee insists that for the discharge of the debt to be available to the appellant as a defense, it must have alleged and proven it by a preponderance of the evidence. However, it was incumbent on the appellee to establish its interest in the beans at the time of the alleged conversion, *Masur* v. *Freyn* (1927), 86 Ind. App. 73, 156 N. E. 164, and since any and all defenses available under the general denial were provable under the special answer filed by the appellant under Rule 1-3 of Supreme Court of Indiana, 1940 Revision, the appellant was entitled to show under it that the appellee had no interest in the beans at the time of their purchase by appellant. *Coffin* v. *Anderson* (1837), 4 Blkf. 395; *Swords, Receiver, Respondent,* v. *Occident Elevator Co., appellant* (1924), 72 Mont. 189, 232 P. 189; *Argo* v. *Sylacauga Mercantile Co.* (1915), 12 Ala. App. 442, 68 So. 534. The situation is not analogous to that in which one sued for a debt must plead payment. The appellant was never indebted to the appellee. The appellee having the burden of proving its interest in the beans at the time of the

alleged conversion, its possession of the notes and unreleased mortgage, and their introduction in evidence, sustained that burden for the time being. The appellant, however, had the right under its answer to overthrow any presumptions raised by appellee's possession of the instruments and it did so by the positive and uncontradicted testimony of one of appellee's own witnesses. Had the appellant failed to make such proof that *prima facie* case made by the appellee must have prevailed on that issue, but the appellant having done so, the *prima facie* case made by the appellee must yield.

Judgment reversed.

NOTE.—Reported in 51 N. E. (2d) 498.