Gowdy *et al. v.* Gordon.

14,062.

## GOWDY ET AL. *v.* GORDON.

TRUST AND TRUSTEE.— *Will.—Suit for Partition.—Answer Alleging a Trust. —Insufficiency of.—Husband and Wife.—*In a suit for partition brought by the surviving husband of the testatrix, who refused to accept the provisions made for him in the will, and claimed his interest as widower under the law, an answer filed by the devisees under the will is bad which alleges that the plaintiff deeded (the deed being absolute on its face) the real estate to his wife through a trustee, and that at the time said deed was made and executed, and as a part of said transaction, and as the only consideration for the execution thereof, it was agreed between the husband and wife that the wife should hold the real estate in trust for the benefit of herself as a home, and a lifeestate to her husband should he outlive her, the fee to go to their children; that the wife accepted said deed in trust, and that she executed her will in pursuance of said trust.

SAME.—*Absolute Deed.—Parol Evidence to Change.— When Inadmissible.—*Parol evidence can not change an absolute deed into one of trust in the absence of fraud, accident, or mistake.

SAME.—*Evidence of Trust.— When Will is Not.—*Where a will which carries out the provisions of an alleged trust, makes no allusion to the trust, and does not purport to be made for the purpose of executing the trust, but makes an independent disposition of the property, and purports to dispose of the property as if owned by the testatrix in fee, it is not evidence of the trust, nor is it even an admission of the existence of the trust by the testatrix.

PLEADING.—*Complaint.—For Sufficiency of see Opinion.—*For the sufficiency of the complaint as setting forth the rights and interests of the parties in the real estate, see the first part of the opinion.

From the Rush Circuit Court.

*G. C. Clark* and *W. A. Cullen,* for appellants.

*B. L. Smith, W. J. Henley, C. Cambern* and *T. J. Newkirk,* for appellee.

OLDS, J.—This is an action for the partition of real estate. The errors assigned are the overruling of appellants' demurrer to the appellee's complaint, and sustaining the appellee's demurrer to the appellants' answer. The objection made to

the complaint is that it does not set forth the rights and interests of the parties in the real estate. We do not think the complaint is subject to this objection. It alleges that the real estate was owned by Priscilla P. Gordon, deceased, and that the plaintiff was the husband of said Priscilla P. Gordon at the time of her decease, and is the owner of the undivided one-third of the real estate, and derives his title by descent, from said Priscilla P. Gordon as her surviving husband; that said Priscilla P. Gordon died testate; that the said Uriah Gordon rejected the provisions made for him in the will, and claims his interest as widower under the law; that the defendants are the devisees of the said Priscilla P. Gordon, under her last will and testament, a copy of which is filed with and made a part of the complaint. The copy of the will filed devises all of the real estate to the defendants, subject to a life estate to the plaintiff in a portion of the same. The complaint was sufficient to withstand a demurrer for want of facts to constitute a cause of action.

The defendants, Eva Gowdy, John K. Gowdy, executor of the will of Priscilla P. Gordon, and Fannie Gowdy, by William A. Cullen, her guardian *ad litem,* answered jointly, alleging as an answer to the complaint that, on the 24th day of January, 1872, the plaintiff was the owner in fee of the real estate described in the complaint; that Priscilla P. Gordon was his wife ; that prior to that date the plaintiff was a confirmed drunkard, and would remain drunk for weeks and months at a time, and would squander his money ; that the plaintiff while sober became alarmed lest he should squander all his property ; that at the date aforesaid he had children and grandchildren, to wit, Eva Gowdy, a daughter, Fannie Gowdy, child of Eva, Gabriel H. Gordon, a son of Priscilla A. Clark, a daughter, and Frank Offutt, son of said Priscilla A. Clark, the defendants named in this action ; that in order to preserve a home for himself and his said wife, and leave something to his children, and to prevent squandering his property while intoxicated, he deeded the real estate de-

scribed in the complaint to George W. Clark, trustee, and said Clark conveyed the same to plaintiff's wife, Priscilla P. Gordon, at the date hereinbefore mentioned, a copy of the deeds being filed with the answer and made a part of the same; that at the time said deed was made and executed, and as a part of said transaction, and as the only consideration for the execution thereof, it was agreed by and between said husband and wife, that the said wife should hold said real estate in trust for the benefit of herself as a home and a life-estate to her husband, the plaintiff, should he outlive her, and the fee to go to their said children as follows: The plaintiff to have a certain described portion of it to live upon and control the same, and at his death the wife, Priscilla A., was to convey or will the same to Eva Gowdy during her life, and if her husband, John K. Gowdy, did not survive her, then said real estate to be devised to Fannie Gowdy, daughter of Eva, but if John should survive his wife, then he to have the use of the land during his life, and at his death, Fannie to have the fee simple. As to the remainder of the land, there is no averment as to any agreement concerning it.

It is further averred that said Priscilla P. Gordon accepted said deed in trust, and the plaintiff executed the same for the purpose and with the agreement that said lands should be thus disposed of by said Priscilla P. Gordon; that she took possession of said real estate, and held the same by virtue of said deed and agreement until the day of her death with the full knowledge and consent of said plaintiff; that, on the 10th day of March, 1885, in pursuance of said trust, and to fully carry out the same, she executed the will set out as an exhibit with the complaint, which fully and perfectly effectuates and carries out the agreement and contract so made at the time the plaintiff conveyed said lands to his wife; that said Priscilla A. held said lands in trust for the use and benefit of said parties defendant above stated, and the said Priscilla has, by making said will, fully executed the duties of her said trust, wherefore these defendants say the

plaintiff has no interest or title in said lands, or to any part thereof, except as provided for in said will, being a life-estate, and they demand judgment for costs.

The answer only sets out an agreement as to a part of the real estate described in the complaint, and the will disposes of all the real estate. The portion described in the answer is disposed of, as it is alleged in the answer it was to be disposed of by the agreement, and the remainder is devised to the other defendants. The deed from plaintiff and wife to Clark is an absolute deed of general warranty, conveying and warranting to " George W. Clark, as trustee, to be conveyed to Priscilla P. Gordon, for the sum of one dollar and love and affection." The deed from Clark and wife to Mrs. Gordon is a deed of general warranty, describing Clark as trustee, and the consideration stated is one dollar.

It is contended by counsel for the appellants that these deeds passed the title to Mrs. Gordon in trust under the parol agreement, and that the trust has been executed in accordance with the agreement by the will of Mrs. Gordon; that she held no such absolute title in fee as that one-third descended to her husband.

The question presented is as to whether a deed, absolute upon its face, can be changed to one of trust by parol evidence, as the deeds in this case are absolute deeds upon their face; indeed, if any difference, they are stronger against the theory contended for by appellants than if they were in the usual form of a warranty deed, as the deed to Clark states that the conveyance is in trust for Mrs. Gordon, or names Clark as trustee to convey to Mrs. Gordon, and thus it appears affirmatively that the conveyance is for her benefit, and with a view of putting the title in her.

But it is a well settled doctrine that parol evidence can not change an absolute deed into one of trust, in the absence of fraud, accident or mistake; such is the doctrine held by this court. It is not sought to establish a resulting trust in this

case, but an express trust. If any trust was created by the alleged agreement it was an express trust. In the case of *Mescall* v. *Tully,* 91 Ind. 96, it was said by the court: "An express trust can not be created by parol. As the appellant conveyed the land to Julia Tully by a deed absolute on its face, he can not destroy the effect of his conveyance by alleging that there was a verbal agreement that she should hold it in trust for both of them."

By the terms of the parol contract alleged in the answer, it is sought to create a trust for the benefit of the grantor, the plaintiff. The fact that the agreement was made with a person from whom he would inherit in case of her, the grantee's death, could make no difference, and by the terms of the alleged agreement a trust was to be created for his benefit, and if he could not set it up and change the deed into one of trust for his benefit, certainly others could not do so.

In the case of *Dunn* v. *Dunn,* 82 Ind. 42, it is held that an express trust can not be created by parol, and the decisions of this court are in harmony with the decided weight of authority. *Sturtevant* v. *Sturtevant,* 20 N. Y. 39 (75 Am. Dec. 371). *Ratliff* v. *Ellis,* 2 Iowa, 59 (63 Am. Dec. 471), is a case in which the facts are similar to the facts alleged in the answer in this case, and it was held that a trust could not be established by parol evidence. See note to *Jackson* v. *Cleveland,* 90 Am. Dec., pp. 270 to 277. The will in this case makes no allusion to any trust. It does not purport to be made for the purpose of executing any trust, but makes an independent disposition of the property and purports to dispose of the property as if owned by the testatrix in fee, and is no evidence of any trust, nor is it even an admission of the existence of a trust by the testatrix. It is necessary to change the deed from an absolute deed on its face to one of trust, and thereby establish a trust by parol, before it can be said to be executed and carried out by the terms of the will, as the will is no evidence of the trust.

There is no error in the ruling of the court in sustaining a demurrer to the answer.

Judgment affirmed, with costs.

