COSTA ET AL. *v.* COSTA ET AL.

[No. 18,385.   Filed November 20, 1953.]

*Buena Chaney* and *Bert F. Wood, Chaney & Wood,* of Terre Haute, for appellants.

*N. George Nasser, Samuel E. Beecher, Jr.,* and *Edward L. Hamilton* (of counsel), all of Terre Haute, for appellees.

KENDALL, C. J.—Action by appellants in two paragraphs. First paragraph alleges that the parties to this action were the owner as tenants in common of certain real estate; that appellee, Linda Aldridge, induced appellants to convey their interest therein to her by false representations, in that she would effect an equitable division thereof among the respective owners. Appellants contend that the transfer was without consideration; that the appellees failed and refused to make division thereof and asked that a trust be declared; that the appellees be declared to hold the title to the appellants for their interest therein and for an accounting.

The second paragraph alleges substantially the same facts but asks that the deed be cancelled and set aside.

Appropriate answer was filed by appellees. Cause submitted to the court without the intervention of a jury resulting in a judgment being rendered in favor of appellees.

The error assigned by appellants is that the court erred in overruling their motion for new trial. Specifications set forth in the motion for new trial are as follows:

1. The decision of the court is contrary to law.
2. The decision of the court is not sustained by sufficient evidence.
3. Error of law occurring at the trial in the court's ruling on certain objections as hereinafter discussed.

Appellees contend that the conveyance of the appellants' interest in the real estate in question was voluntary; that it was received without any fraudulent representations or agreements; that there was a sufficient consideration and that by the acceptance of the voluntary conveyance, she became the owner in fee simple of the real estate in question.

Appellants' assignment of errors contain nine specifications. In their brief, specifications four to nine, inclusive, are not discussed. Rule 2-17(e) of the Supreme Court provides as follows:

"The brief shall contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for new trial which is intended to be urged."

Such specifications not being discussed, they are deemed waived. Rule 2-17(f), Supreme Court.

By specification number three, appellants contend that the court erred in refusing to permit plaintiff, Louis Costa, to answer the following question in the course of his direct examination, to-wit: "What did you tell him?" Appellant made the following offer to prove, "that he told Finimondo to sign the deed and told Finimondo Costa that he had been talking to his sister, Linda Aldridge, and to his brother, Fred Costa, and that they had said if the deed was made to Linda that they would effect a division and partition of the property by other deeds or by selling the property in an appropriate manner." This question called for a conversation between the plaintiff, Louis Costa, and plaintiff, Finimondo Costa, and not within the presence of the defendant, Linda Aldridge. If the witness had been permitted to answer the ques-

tion, it would only have been cumulative testimony since there is evidence in the record from the plaintiff's witnesses that the transfer made to Linda Aldridge was for the purpose of effecting a partition of the real estate. It is a general rule that the exclusion of testimony is harmless where the excluded testimony is sufficiently covered by other evidence. *Carp & Co.* v. *Meyer* (1929), 89 Ind. App. 490, 167 N. E. 151. The court did not err in sustaining the objection to said question.

There was evidence that the appellees were not told why the transfer was being made; that appellee, Linda Aldridge, did not pay the appellants any money for signing the deed; that the parties did not say anything to appellees prior to signing about a division thereof; that said parties transferring their interest "just up and deeded the property"; that the deed was made in the office of attorney Nasser who asked plaintiff, Louis Costa, what he wanted, and that he replied that he did not want anything, he wanted her to have it and gave no reason; that an agreement was made by appellants to sign the deed over to appellees and that appellant, Costa, remembered signing the deed in the attorney's office and remembered the attorney asking him if he knew what he was doing.

Another witness testified that she heard conversations between Louis Costa and his brother and sister about settlement of the property; that she heard Linda Aldridge say she would settle with the boys but did not hear discussion as to method or manner of settling. There was further evidence that the appellee, Linda Aldridge, had paid doctor bills for a period of years for the mother of said parties and had assisted in raising the daughter of Angelo Costa.

Another witness testified that he had talked with Louis Costa about deeding the property over to appellees; that Louis Costa said, "I am ready to go down at any time"; that there was nothing said between the witness and Louis Costa relative to the real estate being re-deeded to parties executing the deed and that the appellee was not present at the time witness and Louis Costa agreed to execute the deed.

Attorney George Nasser testified that Louis Costa came to his office with his sister, Linda Aldridge, on or about July 30, 1947; that he then prepared the quit-claim deed and that the parties sat in the office until it was completed; that the attorney read it over to Louis Costa and checked the descriptions and that he (Mr. Nasser) thought that Louis' wife was present at the time; that the attorney asked Mr. Costa if he knew what he was doing and that if the attorney's memory serves him right, Mr. Costa replied, "Yessir, she is entitled to all of it"; that Louis and his wife signed the deed after which the attorney notarized it and gave further instructions for other signatures.

It is to be noted that the quit-claim deed was the usual ordinary form and in itself contained no stipulations as to a trust provision or a condition about reconveying the same. The deed was made approximately two years before any litigation was instituted in the lower court. By the evidence introduced, the appellants claim to have established a prima facie case of fraud and trust and further that appellees failed to discharge the burden of establishing facts essential to substantiate the validity of the gift, and, therefore, failed to prove her title.

To establish a trust, the burden was on appellants to offer proof thereof, clear and convincing which would

be unequivocable and unmistakable to sustain that conclusion. If the evidence be of such a nature that it would be incapable of a reasonable explanation, the trust theory fails. We believe that is exactly what occurred in the lower court by the judgment that was rendered. It is a well-established rule of law that to constitute a trust such as alleged by the appellants, the terms thereof must be certainly and definitely established. *Bullerdick* v. *Miller* (1926), 85 Ind. App. 369, 152 N. E. 280.

In the instant case a great portion of the evidence was parol. Courts generally hold that to sustain a trust relation by oral evidence that the proof thereof must be clear and distinct; that it must be shown whether the trust is expressed, resulting or constructive and that the standard of evidence for such purpose is a superior measure of proof. The evidence must be higher in quality to substantiate the same— that is, in clearness, fullness and persuasiveness. *Zogg* v. *Hedges* (1944), 126 W. Va. 523, 29 S. E. 2d 871, 152 A. L. R. 996. See also *Gritz, Appellant* v. *Gritz, et al* (1939), 336 Pa. 161, A. 2d 1, 122 A. L. R. 1297; *Edmundson* v. *Friedell* (1928), 199 Ind. 582, 159 N. E. 428; *Chechik* v. *Koletsky* (1924), 311 Ill. 433, 143 N. E. 66, 33 A. L. R. 742.

In order to successfully prove the existence of a trust by parol evidence alone, it must appear that such evidence adduced at the trial is not compatible with any other result. Appellants also contend that a parol trust can be created upon lands where conveyed by deed which is absolute upon its face.

■ ▪ Sec. 56-601, Burns' 1933, 1951 Revision, provides as follows:

"No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

This statute was construed by the Supreme Court of Indiana to be a rule of evidence in the case of *Lehman* v. *Pierce* (1941), 109 Ind. App. 497, 36 N. E. 2d 952.

In the case under consideration, the alleged and pretended agreement rested solely in parol. We do not find any evidence that the agreement was ever reduced to writing or made a part of the deed; neither does it appear that anything was omitted from the deed which it was the intention of the appellants to have embodied therein.

Undoubtedly, the trial court reached the conclusion that there was no fraud in law or fact for lack of sufficient facts presented by appellants in the trial ■ thereof. There is a dispute as to whether or not the appellees made such an agreement to reconvey. The evidence is conflicting. The testimony of the appellees substantiated by the attorney who drew up the deed and upon such evidence the trial court found against the appellants to the effect that the appellants had not sustained the burden of proof. See *McQuaide, Admx.* v. *McQuaide* (1929), 92 Ind. App. 370, 168 N. E. 500.

See also *Betsner* v. *Betsner* (1926), 84 Ind. App. 319, 151 N. E. 343, in which the court announced the rule to be as follows:

"The burden of establishing fraud on the part of Mrs. Betsner was on appellants. The court found against them on this issue, and we cannot say as

a matter of law that the finding of the court is not sustained by the evidence."

Appellants urge upon this court that parol evidence of alleged oral agreements made prior to the execution of the deed is sufficient to establish a resulting trust in favor of appellants. It is a general, well-recognized rule in this state that parol evidence as such is unsatisfactory on account of the facility with which it may be fabricated, the impossibility of contradiction and the consequences with which the slightest mistake or failure of memory might produce.

In the case of *Gowdy et al.* v. *Gordon* (1889), 122 Ind. 533, 24 N. E. 226, the court had before it a question as to whether a deed which was absolute on its face could be changed into one of trust by parol evidence such as attempted by appellants in this case, and, in that case, the court said:

> "The question presented is as to whether a deed, absolute upon its face, can be changed to one of trust by parol evidence, as the deeds in this case are absolute deeds upon their face; indeed, if any difference, they are stronger against the theory contended for by appellants than if they were in the usual form of a warranty deed, as the deed to Clark states that the conveyance is in trust for Mrs. Gordon, or names Clark as trustee to convey to Mrs. Gordon, and thus it appears affirmatively that the conveyance is for her benefit, and with a view of putting the title in her.
> "But it is a well settled doctrine that parol evidence can not change an absolute deed into one of trust, in the absence of fraud, accident or mistake; such is the doctrine held by this court."

In the case of *Mescall* v. *Tully et al.* (1883), 91 Ind. 96, Judge Elliott said:

> "It would be a plain violation of the letter and the spirit of the statute to permit a deed absolute

in its terms to be turned into the conveyance of a trust by a verbal agreement."

The appellants further urge upon this court that there is a lack of consideration in the transfer of the real estate to the appellees. So far as the evidence of the instant case is concerned, we believe that the rule was well-settled in the case of *Fouty* v. *Fouty and Another* (1870), 34 Ind. 433, for in that case the court said at pages 434 and 435, the following:

"A voluntary conveyance of land without any consideration, either good or valuable, is valid and binding between the parties and their privies; nor can parol evidence be given, by or between them, that such deed of conveyance, absolute on its face, was made in trust to the grantee, and that he was to reconvey at a future time on the happening of any contingency." (See additional cases on page 435.)

This court will not weigh the evidence but can only consider the evidence which is most favorable to the finding of the trial court. Further, this court will not disturb the judgment if there is any evidence of probative value substantiating the same. A great portion of the evidence dealt with whether or not an agreement was ever made by the appellees to re-apportion the real estate. The trial court heard and saw the witnesses testify and observed their manner and conduct. Under such circumstances and the conflict of evidence, the law pertaining thereto as herein announced, it is not within the province of this court to substitute its finding and judgment for that of the trial court.

In the case of *Fuller* v. *Fuller* (1913), 52 Ind. App. 488, 100 N. E. 869, the court said:

138

"As the evidence in this case consists largely of oral testimony, we are governed by the well-settled rule which forbids a court on appeal to weigh conflicting evidence. We can consider only the evidence favorable to the finding, and if there is some evidence tending to support it in every essential, it must be permitted to stand, regardless of evidence to the contrary."

The rule is further announced which is well-known to the bench and bar in the case of *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 108 N. E. 532, as follows:

"By assignments of error Nos. 3, 4 and 5, appellant asks this court to weigh the evidence. This is an action at law and the evidence is conflicting and principally oral. It has been repeatedly held by this and the Supreme Court, that the appellate tribunal will not weigh the evidence under such circumstances."

For other citations, see Appeal and Error, §1001 (1), 4 West's Indiana Digest, page 702.

We have carefully examined the assigned errors and do not believe it necessary to discuss each of them further. In view of the fact that the record before this court does not show that the finding of the court is contrary to law, judgment is hereby affirmed.

NOTE.—Reported in 115 N. E. 2d 516.