**Joyce E. HARLAN, Appellant**
**(Defendant Below),**

v.

**Hal P. HARLAN, Appellee**
**(Plaintiff Below).**

**No. 49S02–9010–CV–680.**

Supreme Court of Indiana.

Oct. 22, 1990.

Deborah L. Farmer, Campbell Kyle Proffitt, Noblesville, for appellant.

B. Keith Shake, Scott S. Morrisson, James H. Rownd, Henderson, Daily, Withrow & Devoe, Molly P. Rucker, Michael Cheerva, Rucker & Cheerva, Indianapolis, for appellee.

ON CIVIL PETITION TO TRANSFER

PER CURIAM.

Following the dissolution of their marriage, the parties each appealed, and the Court of Appeals reversed and remanded as to the division and distribution of marital property. *Harlan v. Harlan* (1989), Ind.App., 544 N.E.2d 553.

The husband petitioned to transfer, and oral argument was conducted. The principal issue, one of first impression before this Court, involves the statutory construction of Ind.Code § 31–1–11.5–11.1:

> The court, in determining what is just and reasonable in dividing property under section 11 [31–1–11.5–11] of this chapter, shall consider the tax consequences of the property disposition with respect to the present and future economic circumstances of each party.

The Court of Appeals held that the statute requires the trial court to consider only the direct or inherent and necessarily incurred tax consequences "of the property disposition." 544 N.E.2d at 555. The husband contends that the statute should be construed to compel the trial court to consider potential tax liabilities associated with an asset being awarded to a party, even if the tax consequences are not immediate and definite.

Because this issue is frequently seen in marriage dissolution proceedings, we grant transfer to express our approval of the decision reached by the Court of Appeals. Pursuant to Ind.Appellate Rule 11(B)(3), the opinion of the Court of Appeals is summarily affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents.

GIVAN, J., not participating.