# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Stone Law Office and Legal Research
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**RALPH E. DOWLING**
The Dowling Law Office
Muncie, Indiana

**FILED**
Mar 19 2012, 9:29 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROBERT HARDIN, | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | ) No. 18A05-1105-DR-301 |
| | ) |
| CARLOTTA HARDIN, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1006-DR-83

**March 19, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issues

Following dissolution of the marriage of Robert Hardin ("Husband") and Carlotta Hardin ("Wife"), Husband appeals the trial court's division of property. He raises four issues, which we restate as: 1) whether the trial court used an incorrect coverture fraction to divide Husband's pension and thereby clearly erred; 2) whether the trial court clearly erred in awarding to Wife the entire survivor's benefit of Husband's pension; 3) whether the trial court failed to order Wife to pay the monthly cost of the survivor's benefit; and 4) whether the trial court was required but failed to consider tax consequences related to awarding to Husband an individual retirement account and personal savings plan.[1] We conclude the trial court used an incorrect coverture fraction and thereby clearly erred in dividing Husband's pension. We also conclude the trial court did not commit clear error in awarding the entire survivor's benefit to Wife, but that the trial court failed to order Wife to pay the monthly cost of the survivor's benefit she will receive. Finally, we conclude Husband invited any error regarding consideration of tax consequences, and as a result he has waived this issue on appeal. Accordingly, we reverse and remand as to the trial court's division of Husband's pension, including the cost to Wife of the survivor's benefit, and affirm as to all other issues.

---

[1] We note that in Wife's Statement of the Issues, she criticized Husband's Statement of the Issues in a short argumentative paragraph before she stated her own version of the issues for our review. We advise counsel to reserve argument for the Argument section of the appellate brief. Further, as part of Wife's criticism, she explained some terminology by citing to Wikipedia, an online encyclopedia. See Appellee's Brief at 1 n.1. It is acknowledged on Wikipedia's home page that it is an encyclopedia that "anyone can edit." http://en.wikipedia.org/wiki/Main_Page (last visited Feb. 16, 2012). Thus, we would caution against relying on Wikipedia as a source in an appellate brief, especially when there are other, more demonstrably reliable

## Facts and Procedural History

Husband and Wife married in 1979, divorced in 1986, remarried in July 1993, and separated in June 2010. Husband began working for General Motors in 1963 and retired in 2000. Wife filed a petition for dissolution in June 2010, and the trial court entered a final decree of dissolution in March 2011. In this decree, the trial court explained its decision to deviate from the statutory presumption of equal division of property and to ultimately "divide[] all marital assets except for [Husband]'s pension by using the percentage 54-46 [in favor of Wife]. . . . [Husband]'s pension and [Wife]'s annuity presented a different issue . . . ." Appellant's Appendix at 17. The trial court divided Husband's pension and Wife's annuity as follows:

> [Husband] asked the Court to use the annuity benefits [Wife] receives as an off-set to his assets. [Wife] asked the Court to award to her $317.00 per month from [Husband]'s pension. [Wife] did factor into her request the amount she receives from the annuity.
>
> The second marriage lasted approximately seventeen years, and so 45% of [Husband]'s pension accumulated during the marriage. [Husband] receives $1,695.00 per month in pension benefits. Doing the math, the Court finds 45% of $1,695.00 is $763.00 per month.
>
> [Husband] would therefore owe [Wife] one-half of the $763.00 per month, or $382.00 per month, for the pension benefits. [Wife] would owe [Husband] one-half of her annuity payments, or $65.00 per month. Rather than having the parties make payments to each other, the Court subtracts $65.00 per month from the $382.00 per month, leaving $317.00 per month due and owing from [Husband] to [Wife] for the pension benefits.
>
> ***
>
> As to the survivor benefit, [Husband] shall maintain [Wife] on his pension through the survivor benefit. [Husband] may submit to the Court the amount by which his pension payment is reduced in order to provide the survivor benefit to [Wife]. The Court will reconsider this order and will consider reducing the payment amount to [Wife] by the amount of money [Husband] must pay for the survivor's benefit. . . .

sources also available online.

Id. at 14-15. At least in part, the trial court divided Husband's pension and Wife's annuity in this way because neither party presented the total values of these assets, leaving the trial court limited to dividing the monthly payments. Id. at 17-18.

In April 2011, the trial court entered an order which stated: "Both parties submitted information to the Court . . . . The Court finds the calculation for the survivor's benefit included credit for the benefit's cost. The Court will not grant any additional credit. The pension division as set out in the Decree shall stand." Id. at 16. Husband now appeals. Additional facts will be supplied as appropriate.

## Discussion and Decision

### I. Standard of Review

The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). Our standard of review is well-settled:

> We must first determine whether the evidence supports the findings and second, whether the findings support the judgment. We will disturb the judgment only where there is no evidence supporting the findings or the findings do not support the judgment. We do not reweigh the evidence and consider only the evidence favorable to the trial court's judgment. Appellants must establish that the trial court's findings are clearly erroneous, which occurs only when a review of the record leaves us firmly convinced a mistake has been made. However, although we defer substantially to findings of fact, we do not defer to conclusions of law. Additionally, a judgment is clearly erroneous if it relies on an incorrect legal standard. . . . The purpose of Rule 52(A) findings and conclusions is to provide the parties and reviewing courts with the theory upon which the case was decided.

Maxwell v. Maxwell, 850 N.E.2d 969, 972 (Ind. Ct. App. 2006) (quotations and citations omitted), trans. denied.

4

## II. Coverture Fraction

The trial court used the coverture fraction formula to divide Husband's pension benefits.

> The "coverture fraction" formula is one method a trial court may use to distribute pension or retirement plan benefits to the earning and non-earning spouses. Under this methodology, the value of the retirement plan is multiplied by a fraction, <u>the numerator of which is the period of time during which the marriage existed (while pension rights were accruing) and the denominator is the total period of time during which pension rights accrued</u>.

In re Marriage of Preston, 704 N.E.2d 1093, 1098 n.6 (Ind. Ct. App. 1999) (emphasis added, citations omitted).

Husband argues the trial court erred in using 17 years as the numerator. He points out that he began working at General Motors in 1963 and retired in 2000, and that he and Wife married for the second time in July 1993 and separated in June 2010. He then directs us to the portion of <u>Preston</u> which states that the numerator of the coverture fraction is the length of the marriage at issue while pension rights were accruing only. <u>See id.</u> Husband argues his pension accrued for only 7 years (from 1993, the date of the second marriage, to 2000, the date of his retirement) of the parties' 17-year-long second marriage, so the numerator should have been 7, rather than 17. In response, Wife contends Husband failed to present evidence that his pension rights ceased to accrue upon his retirement, or that his pension rights accrued for less than the entire 17 years of the parties' second marriage.

Wife's argument is incorrect. Pension funds accrue during an employee's service to his or her employer and cease to accrue when an employee's employment ends, either by retirement or other means. <u>See</u> <u>Waite v. Waite</u>, 492 P.2d 13, 19 (Cal. 1972) ("The [pension]

right flows from the services rendered by the employee . . . ."), disapproved of on other grounds by In re Marriage of Brown, 544 P.2d 561 (Cal. 1976). Based on this fact, it was unnecessary for Husband to present evidence that his pension benefits ceased to accrue upon his retirement. Pensions are indeed complex financial instruments, but they commonly appear in division of property proceedings that accompany dissolutions of marriages. For the same reason that evidence need not be presented in each case as to precisely what a pension is and how one works generally, evidence need not be presented in each case in support of the basic fact that pension benefits are tied to the services rendered by the employee and thereby cease to accrue when an employee ends his or her term of employment. For this reason, we conclude that the trial court clearly erred in using 17 as the numerator rather than 7.[2, 3] The trial court, in denying Husband's motion to correct errors, indicated that to the extent it erred, Husband invited the error by not providing a reasonable alternative to Wife's

---

[2] We note that Husband's Pension Benefit Statement was apparently not before the trial court at the hearing, but was attached to his post-hearing submission to the trial court regarding the cost of the survivor benefit. This statement from the company managing his pension states he had 37.8 "Years of Credited Service," and uses 37.8 to calculate his monthly benefits. Appellant's App. at 30. This means his benefits ceased to accrue in the year 2000, which is 37.8 years after he began work in 1963. In other words, his benefits ceased to accrue upon his retirement. Therefore, even aside from our discussion and conclusion that the trial court clearly erred, we note that the trial court could have corrected this error by either re-opening evidence for a response by Wife or simply amending its decree according to information included in Husband's benefit statement either before finalizing its decree in its April 2011 order or in ruling on Husband's motion to correct errors.

[3] We also note that Husband disputes the trial court's finding as to the total period during which his pension rights accrued, the denominator in the coverture fraction. The trial court used 38, consistent with Wife's Exhibit 23, which she presented at the hearing. Husband contends on appeal that the correct denominator is 37.8, which is somewhat consistent with his testimony during the hearing and is consistent with his Pension Benefit Statement, as explained. See Appellant's App. at 30. We deem this to be a conflict in the evidence and defer to the trial court's weighing of the evidence and determination of the credibility of witnesses. In any event, we note that this difference of opinion as to the denominator leads to a difference of less than one-tenth of one percent when using 7 as the numerator.

6

proposal, the coverture fraction. Appellant's App. at 17-18. The trial court did not err by using the coverture fraction, but did clearly err by using 17 rather than 7 as the numerator.

Wife also argues more generally that Husband's appellate challenge of the numbers the trial court used in the coverture fraction is untenable because the trial court's division of property is just, reasonable, and reasonably close to the 54-46 split in favor of Wife, as the trial court intended. Further, because the trial court did not make findings as to the precise values of many of the assets, Wife argues Husband cannot demonstrate that the division of the pension and annuity is inconsistent with a 54-46 split, and therefore he cannot challenge the trial court's division.

This court generally reviews a trial court's disposition of marital assets "as a whole and not item by item." Newby v. Newby, 734 N.E.2d 663, 669 (Ind. Ct. App. 2000). In doing so, we determine whether a trial court has divided the property of divorcing parties in a "just and reasonable" manner. Ind. Code § 31-15-7-5.

Here, the incorrect numerator represents a significantly unequal division which is not just and reasonable. Using 17 as the numerator and 38 as the denominator, the trial court awarded to Wife one-half of 45% of Husband's monthly pension benefit.[4] After subtracting Husband's portion of Wife's annuity (which is not at issue), this equates to $317 per month for Wife. By contrast, using 7 as the numerator in the same equation leads to an award to Wife of slightly more than $91 per month. As Husband points out, the trial court's order results in Wife receiving more than three times the amount the trial court intended she

---

[4] 17 is approximately 45% of 38.

7

receive. This division was far from the proportion that the trial court intended[5] and was not done in a just and reasonable manner. This requires we remand. See In re Marriage of Pulley, 652 N.E.2d 528, 531 (Ind. Ct. App. 1995) ("When dividing marital property, the trial court must come close to the attempted apportionment otherwise the findings will not support the judgment and we must remand."), trans. denied. Further, while we generally review property division as a whole and not item by item, the size of the disparity as to Husband's pension, especially as the disparity grows with each passing month, is a basis for concluding that this review is "as a whole" and that the division was not done in a just and reasonable manner.

For these reasons, we conclude that the trial court clearly erred and reverse its disposition of Husband's pension and Wife's annuity. We remand to the trial court with instruction to recalculate Husband's and Wife's portions of the combined monthly benefits in a manner consistent with this opinion.[6]

### III. Award of Survivor's Benefit

Husband next challenges the trial court's decision to award Wife the entire survivor's benefit of his pension. Husband does not argue the trial court erred in its findings, that the trial court's findings do not support the judgment, or that the trial court's judgment is contrary to law. Rather, Husband's precise argument as to this issue is that awarding Wife

---

[5] As stated, the trial court's intended 54-46 split was for all assets except Husband's pension. The trial court's calculations demonstrate its intention to divide equally Husband's pension and Wife's annuity. Appellant's App. at 17.

[6] This instruction includes our discussion and conclusion regarding Wife's payment of the survivor's benefit, as discussed below.

the entire survivor's benefit is unfair because it is an unduly large benefit, especially relative to Wife's portion of the monthly payments, which we discussed and amended downward. Regardless of whether we agree with Husband that this award to Wife is unfair or unduly large when compared to Wife's monthly payment, our standard of review is such that we must affirm the trial court's decision to award the entire survivor's benefit to Wife because it is not based upon allegedly erroneous findings, the findings support the judgment, and the judgment is not contrary to law. See Maxwell, 850 N.E.2d at 972 (citations omitted).

## IV. Payment of Cost of Survivor's Benefit

Husband next argues that if Wife is to receive the entire survivor's benefit, which the trial court ordered and we affirm, Wife should also pay the $89.21 monthly cost of that benefit. The trial court found that "the calculation for the survivor's benefit included credit for the benefit's cost," and accordingly, declined to award Husband credit in its overall calculation of divided assets. Appellant's App. at 16.

According to Husband's benefit statement, his monthly benefit is $1,784.16. Id. at 30. The cost of the survivor's benefit is 5% of that monthly benefit, or $89.21. Id. Thus, while both are alive the monthly benefit, which is divided using the coverture fraction, is $1,784.16 minus $89.21, or $1,694.95. Id. at 29, 30. If Husband predeceases Wife, the survivor's benefit payable to Wife is $1,101.72. Id. If Wife predeceases Husband, the monthly benefit payable to Husband is $1,784.16. Id.

Based on these facts, we conclude the trial court erred in determining that the cost of the survivor's benefit is included in the amount payable. By deducting the cost of the

9

survivor's benefit before the applying the coverture fraction, Wife is not paying the entire cost of the survivor's benefit. Rather, Wife's payment of the cost of the survivor's benefit must be taken out of her share <u>after</u> the trial court uses the coverture fraction to determine Wife's share of the monthly payments.

We explain further, as follows. The $1784.16 monthly payment should be multiplied by the coverture fraction (7/38), which equals approximately $328.66. Thus, $328.66 is the amount of Husband's pension which is marital property that must be divided. The trial court intended that this portion of the marital estate be divided equally, so we divide $328.66 by 2, which equals approximately $164.33. Thus, $164.33 per month is Wife's share of Husband's pension, which is then reduced by $65.00, the amount of Wife's monthly annuity payment (which the trial court intended to award to Husband). $164.33 minus $65.00 equals $99.33. Thus, $99.33 per month is the amount Wife shall receive prior to deducting her payment of the cost of the survivor's benefit, $89.21. $99.33 minus $89.21 equals $10.12. Thus, $10.12 per month is the amount of Husband's pension Wife shall receive after applying the proper coverture fraction, deducting Husband's share of Wife's annuity, and paying for the survivor's benefit Wife shall receive. We reverse the trial court's order as to this issue and remand for the trial court to re-divide Husband's pension consistent with this opinion.

## V. Consideration of Tax Consequences

Finally, Husband argues the trial court erred in failing to consider tax consequences when assessing the values of the individual retirement account and personal savings plan. Of the $231,399 (in cash and tangible goods) awarded to Husband, approximately 88% is in

10

Husband's individual retirement account ($20,449) or Husband's personal savings plan ($183,622). Per the trial court's calculations and intention, this $231,399 represents approximately 46% of the marital estate.

Indiana Code section 31-15-7-7 provides: "The court, in determining what is just and reasonable in dividing property under this chapter, shall consider the tax consequences of the property disposition with respect to the present and future economic circumstances of each party." Further, to the extent the trial court was required but failed to consider tax consequences in dividing the marital estate and the resulting division does not "come close to the attempted apportionment[,] . . . the findings will not support the judgment and we must remand." Pulley, 652 N.E.2d at 531 (citation omitted). "However, only tax consequences necessarily arising from the plan of distribution are to be taken into account." Granger v. Granger, 579 N.E.2d 1319, 1320 (Ind. Ct. App. 1991) (citation omitted), trans. denied; id. ("A taxable event must occur as a direct result of the court-ordered disposition of the marital estate for the resulting tax to reduce the value of the marital estate.") (footnote omitted); see Harlan v. Harlan, 560 N.E.2d 1246, 1246 (Ind. 1990) (summarily affirming court of appeals decision which "held that [Indiana Code section 31-1-11.5-11.1] requires the trial court to consider only the direct or inherent and necessarily incurred tax consequences 'of the property distribution.'") (quoting Harlan v. Harlan, 544 N.E.2d 554, 555 (Ind. Ct. App. 1989)).

Wife contends at the outset that Husband fails to demonstrate the trial court did not take potential tax consequences into consideration. We disagree. The trial court decree, in

11

particular pages four and six, itemizes the trial court's calculations of the parties' assets but does not indicate a deduction for potential taxes. See Appellant's App. at 10, 12. Thus, the issue is whether, under the facts of this case, the trial court was required to consider tax consequences and lower the value of the marital estate prior to distributing 54% to Wife and 46% to Husband.

We have reviewed the authorities regarding the circumstances under which a trial court errs in failing to consider tax consequences resulting from the disposition of the property. See, e.g., In re Marriage of Mulvihill, 471 N.E.2d 10 (Ind. Ct. App. 1984). But the trial court here could not have been required to consider tax consequences if such consequences were not presented. In our review of the record, we conclude that no evidence was presented as to the potential tax consequences that would result from the property disposition of awarding to Husband the individual retirement account and personal savings plan. As a result, Husband has invited the error he now alleges, and has waived this issue on appeal. See Reinhart v. Reinhart, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010) ("[A] party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct.").

## Conclusion

The trial court used an incorrect coverture fraction and thereby clearly erred in dividing Husband's pension. The trial court did not clearly err in awarding the entire survivor's benefit to Wife, but did clearly err in failing to order Wife to pay the monthly cost of the survivor's benefit she will receive. Finally, we conclude Husband invited any error

12

regarding consideration of tax consequences, and as a result he has waived this issue on appeal. Accordingly, we reverse and remand as to the trial court's division of Husband's pension, including the monthly cost to Wife of the survivor's benefit, and affirm as to all other issues.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and VAIDIK, J., concur.