

FILED

Apr 14 2023, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Glen E. Koch, II
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

ATTORNEY FOR APPELLEE

Michael A. Ksenak
Ksenak Law Firm
Martinsville, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

Bradley Cooley,

*Appellant-Respondent,*

v.

Shelly Cooley,

*Appellee-Petitioner*

April 14, 2023

Court of Appeals Case No.
22A-DN-1202

Appeal from the Morgan Superior
Court

The Honorable Sara A. Dungan,
Judge

Trial Court Cause No.
55D03-2108-DN-1213

**Opinion by Judge Mathias**
Judges Bradford and Kenworthy concur.

**Mathias, Judge.**

[1] Bradley Cooley ("Husband") appeals the Morgan Superior Court's decree of
dissolution of his marriage to Shelly Cooley ("Wife"). Husband presents two
issues for our review:

I.     Whether the trial court abused its discretion when it ordered Husband to obtain and subsidize a life insurance policy as security for his equalization payment, to be made in installments, to Wife.

II.     Whether the trial court abused its discretion when it did not consider the potential tax consequences to him of giving Wife one-half of his future pension distributions.

We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

Husband and Wife married in November 1995 and have no children together. They separated in August 2021, and Wife filed a petition for dissolution of the marriage. Following the final hearing, the trial court issued its decree of dissolution. In the decree, the court valued the marital estate at $1,257,934.96 and divided it equally between the parties.

Husband is employed by the Morgan County Sheriff's Department and the trial court valued his present interest in his pension at $1,101,110.82. Husband's pension is not subject to a qualified domestic relations order ("QDRO").[1] Accordingly, the court awarded the pension to Husband and ordered him to pay to Wife an equalization payment in the amount of $475,043.29.

---

[1] Under federal law, government pensions are not subject to a QDRO. *See Kendrick v. Kendrick*, 44 N.E.3d 721, 725 (Ind. Ct. App. 2015), *trans. denied*.

[5]    Husband does not have liquid assets sufficient to pay Wife the equalization payment, and he testified that it was "possible" that he would ignore a court order that he pay Wife one-half of his future retirement benefits to satisfy the equalization payment. Tr. p. 76. Accordingly, the trial court ordered that Husband pay Wife, over time, as follows:

> 15. Should Husband die prior to receiving any of his pension, Wife would have no way to obtain a significant portion of her share of the marital property or estate. In order to provide some assurance the Wife will receive her share of the marital estate, within five (5) days of the issuance of the Decree, Husband shall contact Billy Guy at Farm Bureau insurance and apply for a life insurance policy with an initial death value of $475,000.00, with Wife to be the owner and beneficiary of said policy. *Wife shall pay the premiums required for said policy and said premiums paid by Wife shall be added to the equalization payment set forth in the Court's Distribution of Marital Estate* (attached). Husband shall provide Wife with documentation of his application for such and a copy of the policy once written. This life insurance policy shall remain in full force and effect until Wife has received the full amount of the equalization balance. On an annual basis or as allowed by the life insurance company, the death value of the policy may be reduced to reflect the current revised equalization balance due after crediting Husband with the monthly cash equalization payments made by Husband to Wife as ordered below;

> 16. Husband shall make monthly equalization payments to Wife in the amount of $400 per month, beginning no later than 30 days following issuance of the Decree and continuing until he retires. Upon retirement, Husband shall make payments to Wife in the sum of $1,684.38 per month (50% of the monthly benefit to be paid to Husband for his accrued and vested benefit calculated through the date of filing August 11, 2021; Exhibit 2). Said

monthly payments would cease once Wife has received the equalization balance due to her;

17. If Husband should pass away prior to Wife receiving her equalization share and the life insurance benefits received by Wife as explained above exceeds what is owed to her, then Wife shall pay to Husband's estate the amount of life insurance proceeds received in excess of the equalization balance due to her[.]

Appellant's App. Vol. 2, pp. 37-38 (emphasis added). This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[6] Husband appeals the trial court's decree of dissolution. Dissolution actions invoke the inherent equitable and discretionary authority of our trial courts, and, as such, we review their decisions with "substantial deference." *See, e.g., R.W. v. M.D. (In re Visitation of L-A.D.W.)*, 38 N.E.3d 993, 998 (Ind. 2015). Here, the trial court supported its exercise of that authority with findings of fact and conclusions thereon following an evidentiary hearing. As our Supreme Court has stated:

> The trial court's findings were entered pursuant to Ind. Trial Rule 52(A) which prohibits a reviewing court on appeal from setting aside the trial court's judgment "unless clearly erroneous." The court on appeal is further required to give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." When a trial court has made special findings of fact, as it did in this case, its judgment is clearly erroneous only if (i)

its findings of fact do not support its conclusions of law or (ii) its conclusions of law do not support its judgment. *Estate of Reasor v. Putnam County*, 635 N.E.2d 153, 158 (Ind. 1994). Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Reasor*, 635 N.E.2d at 158.

*Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). Similarly, the trial court's division of the marital property "is highly fact sensitive and is subject to an abuse of discretion standard" of review. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). Under that standard, we consider only "the evidence in a light most favorable to the judgment." *Id.*

### *Issue One: Life Insurance Policy*

[7] Husband first contends that the trial court abused its discretion when it ordered him to obtain *and subsidize* a life insurance policy naming Wife as the owner and beneficiary. Husband presents an issue of first impression for our courts, namely, whether a dissolution court has discretion to order a party to buy life insurance as security for an equalization payment.

[8] Wife asserts that the trial court has that authority under Indiana Code section 31-15-7-8, which provides that, when it enters a dissolution decree, "the court may provide for the security, bond, or other guarantee that is satisfactory to the court to secure the division of property." As this Court has stated, this "'statutory language obviously affords the court the broadest possible discretion in requiring security.'" *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 127 (Ind. Ct.

App. 2012) (quoting *In re Marriage of Davis*, 395 N.E.2d 1254, 1259 (Ind. Ct. App. 1979)); *see also Crider v. Crider*, 15 N.E.3d 1042, 1066 (Ind. Ct. App. 2014) (affirming trial court's grant to Wife of security interest in Husband's LLCs to secure equalization judgment), *trans. denied*. We agree with Wife that, under the circumstances here, Indiana Code section 31-15-7-8 gave the trial court discretion to order Husband to secure Wife's share of the marital estate by way of obtaining a life insurance policy payable to Wife.

[9]     However, whether the trial court may add the values of those future premium payments to the equalization payment Husband owes Wife is another matter. Again, the trial court ordered Wife to pay the life insurance premiums but also ordered that "said premiums paid by Wife shall be added to the equalization payment[.]" Appellant's App. Vol. 2, p. 37. As Husband points out,

> Indiana Code section 31–15–7–4 provides that the marital estate that the trial court must divide in a dissolution proceeding is comprised of the property owned or acquired by either party before the "final separation of the parties[,]" which is defined as "the date of filing of the petition for dissolution of marriage[.]" Ind. Code § 31–9–2–46. In other words, *the marital estate is set at the time of the filing of the dissolution petition*[.]

*Helm v. Helm*, 873 N.E.2d 83, 87 (Ind. Ct. App. 2007). Here, the trial court's decree increases the amount of the equalization payment to Wife with every premium payment and thus, in effect, increases the value of the marital estate

and the share of the marital estate awarded to Wife beyond the date of the parties' final separation.

[10] Accordingly, we hold that portion of the decree violates Indiana Code section 31-15-7-4, and we reverse that part of the decree with respect to payment of the life insurance premiums. On remand, the trial court shall determine, either by agreement of the parties or by way of submissions or another hearing, the cost of the life insurance premiums in light of Husband's life expectancy. With those factors determined, the trial court shall include the total projected cost of the life insurance policy[2] in the marital estate[3] as a security for the marital asset of Husband's pension and recalculate the equalization payment to Wife so that Wife and Husband share the cost of this security equally.

### Issue Two: Tax Consequences

[11] Husband next contends that the trial court abused its discretion when it did not consider the tax consequences he will incur when, at some point in the future, he starts to draw on his pension and pays Wife one-half of those benefits. Wife argues, however, that Husband did not present evidence to support an award

---

[2] We note that a term life insurance policy in the amount of the equalization payment based on Wife's life expectancy may be a less expensive alternative to other types of policies, and the trial court may, in its discretion, order that the parties purchase a term life insurance policy.

[3] Because Husband has expressed disdain for the concept of sharing his pension with Wife, the trial court may determine on remand that Wife should pay the premiums, which can be listed as a liability assigned to Wife.

based on his tax consequences and has invited any error. We must agree with Wife.

[12] In *Hardin v. Hardin*, we held that, absent evidence, a trial court is not required to consider the potential tax consequences that would result from the property disposition of awarding to a party an individual retirement account in a dissolution. 964 N.E.2d 247, 254 (Ind. Ct. App. 2012). We stated that, because the husband there had failed to present evidence of any future tax consequences, he had invited the alleged error and had waived the issue on appeal. *Id.* (citing *Reinhart v. Reinhart*, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010) ("[A] party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct.")).

[13] Here, in support of his argument on appeal, Husband directs us to a single page of the transcript where he testified that he would have to pay taxes on his monthly pension benefits. But Husband did not present evidence and can only speculate as to the amount he will owe in taxes on those benefits. Accordingly, Husband has not preserved this issue for our review. *See id.*

[14] For all these reasons, we affirm in part, reverse in part, and remand with instructions.

Bradford, J., and Kenworthy, J., concur.